# Wade, *et al. v.* Wyker.

## Bill to Enforce Material-Man's Lien.

(Decided April 13, 1911.   55 South.   141.

1. *Equity; Bill; Multifariousness.*—A bill which does not set forth several distinct and unconnected matters is not multifarious.

2. *Mechanics Lien; Enforcement; Pleading.*—Where a contractor constructs two buildings on separate lots for the same owner under a single contract, a material-man who has furnished material for both buildings may join the two liens, separately filed, in one bill for enforcement of any unpaid balance due from the owner to the contractor.

3. *Same; Right to; Extras.*—An agreement for extras is an extension of the original contract between the contractor and the owner, and a material-man who furnishes extras, or the material for extras for the construction of buildings under a contract between the owner and the contractor, and which material is used by the contractor, has a lien therefor, because the basis of the lien is that the material-man furnished material for a certain building

[Wade, et al. v. Wyker.]

without evidencing any intent to waive his right to a lien. The legal inference is that it was furnished on the security of the property.

4. *Appeal and Error; Finding; Grounds.*—Where the evidence affords reasonable grounds for the findings made by the court thereon, such finding will not be disturbed on appeal.

APPEAL from Morgan Chancery Court.

· Heard before Hon W. H. SIMPSON.

Bill by John D. Wyker against Oliver Wade and H. M. Waltz to enforce a materialman's lien. Decree for complainant, and respondents appeal. Affirmed.

Wyker was the party furnishing material. Waltz was the contractor, and Wade was the owner. It is alleged the Waltz was indebted to orator for a sum of money for materials furnished by him in the construction of the buildings; that notice of such unpaid balance was served on Wade as owner, and that the materialman claimed a lien on the building situated on lot 4; and that the proper statement, claiming a lien, and verified by affidavit, was filed and recorded in the office of the judge of probate in Morgan county. These various statements are attached as exhibits to the bill. Motion was made to dismiss for want of equity, and because it is an attempt to join in one suit entirely distinct matters, each of which is sufficient on which to ground a bill. Demurrers also raise the same objection. The other facts sufficiently appear in the opinion.

WERT & LYNNE, for appellant. The bill was multifarious, as it sought to perfect two separate and distinct liens.—*Marshall v. Means,* 56 Am. Dec. 444; *Crawford v. Sterling,* 46 South. 489. In order to secure the benefit of the lien, it became necessary for complainant to allege and prove that each piece of material furnished by him was actually used upon particular buildings designated by him in his claim.—*Leftwich v. Florence,* 104

Ala. 585; *May v. McConnell,* 102 Ala. 577; *Lee v. King,* 99 Ala. 246; *Eufaula v. Addyston,* 89 Ala. 555.

CALLAHAN & HARRIS, for appellee. The bill is not multifarious.—*Adams v. Jones,* 58 Ala. 117; *Gulf C. Co. v. Jones C. Co.* 47 South. 251. Set-off is of statutory creation and cannot be extended to cases not falling within its terms.—*Drennan v. Gilmore,* 132 Ala. 246. Complainant had a lien for the extras furnished by him. —27 Cyc. 51; *Wetmore v. Marsh,* 47 N. W. 1021.

McCLELLAN, J.—A bill is not multifarious that does not set forth several distinct matters, perfectly unconnected.—*Chapman v. Chunn,* 5 Ala. 397; *Alexander v. Rea,* 50 Ala. 450; 16 Cyc. p. 241; 23 Cyc. pp. 395, 396.

This bill seeks the enforcement, after appropriate averments, of two liens, separately filed (*Crawford v. Sterling,* 155 Ala. 511, 46 South. 849), by a material-man, upon two separate lots and buildings in the city of New Decatur. It is insisted that both liens cannot be enforced in one bill. It appears from the bill that the buildings were constructed under one contract between appellant, the owner, and Waltz, the contractor, to whom appellee furnished the material; and, in keeping with the precedent to that end prevailing under our statutory system, the satisfaction sought by the bill is out of the alleged unpaid balance due, when the notice was given the owner by the appellee, by the owner to the contractor. The unity of contract, for the construction of both buildings, and the limited source from which the liens are to be satisfied, under this bill, afford such interlacing of rights, and consequently remedy, as to necessitate the joinder of the separate liens in one bill for their enforcement. The objection is untenable.

[Wade, et al. v. Wyker.]

After careful review of the whole evidence bearing on the issue of indebtedness vel non by appellant to Waltz, we are not convinced that the learned chancellor pronounced an erroneous conclusion thereon. It will serve no useful purpose to comment.

The additional agreements to the original contract between the owner and the contractor, covering what are called "extras," for these buildings, cannot avail to defeat or impair these liens.—*Alabama State Fair Association v. Alabama Gas Company,* 131 Ala. 256, 263, 31 South. 26. It was shown that the appellee's furnishing of the materials was undertaken and performed in reference to the construction, etc., of the buildings in question under the contract between the owner and the contractor, and so within the doctrine of *Eufaula Water Co. v. Addyston Pipe Co.,* 89 Ala. 552, 555, 556, 8 South. 25.

The addenda agreements for extras shown, were but extensions, of the original contract. If the appellee engaged to furnish the material to the contractor, and did so, and it was so employed, it is not important that the engagement between the owner and the contractor for the extras was entered into subsequent to the original contracting. The basis, in this particular, of the right to the lien, is that the materialman furnished material *for* a certain building, evincing no purpose or intent to waive his rights against the property itself, whereupon the legal implication is that he contracts upon the faith of the security afforded by the property. —*Cook v. Rome Brick Co.,* 98 Ala. 409, 12 South. 918; *Eufaula Waterworks v. Addyston Pipe Co., supra;* Rockel on Mechanics' Liens, §§ 21, 22.

While the evidence is not as conclusive as it might have been in respect to the application of each (of a few only) item to the building against which it is particu-

larly charged in the statement exhibited with the bill, there was ground in the evidence for the finding made in these respects. That the conclusion, in these few particulars, reached below, was not warranted, we cannot say. The buildings were very nearly duplicates; the materials furnished by appellee being practically similar. This may well account for the asserted wabbling (if so) of the witness Waltz (the contractor) in certain parts of his testimony in this connection, whereas he had theretofore testified that the materials furnished were correctly listed and correctly charged to the respective buildings. The decree is affirmed.

Affirmed.

SIMPSON, MAYFIELD, and SOMERVILLE, JJ., concur.