(93 South. 612)

**WIGFIELD v. AKRIDGE.  (1 Div. 236.)**

(Supreme Court of Alabama.  April 20, 1922. Rehearing Denied May 18, 1922.)

**1. Mechanics' liens ⬡161(2), 304(1)—Amount of recovery for part performance stated; statement of lien admissible.**

Where counts 1 and 2 were for work and labor in building a house, and count 3 alleged a contract partially completed by plaintiff but abandoned on agreement that defendant would pay $200, and all counts sought to establish a lien under Code 1907, § 4754 et seq., if the contract was abandoned by mutual consent with amount due agreed upon plaintiff could recover under count 3 and have a lien established where sections 4754–4758 were complied with, and if they did not agree on the amount due, plaintiff could recover under counts 1 and 2 for reasonable value and have his lien established, and the written statement of lien was competent evidence to show compliance with section 4754.

**2. Appeal and error ⬡1172(3) — Supreme Court cannot remand for partial new trial.**

Where in action for work and labor there were issues of indebtedness and the existence of a lien, and reversible error is found in the refusal of evidence of plaintiff's statement of lien, notwithstanding that the issue of indebtedness was settled without error, Code 1907, § 4770, does not authorize the Supreme Court to reverse and render a judgment, and under section 2890 the cause will be remanded for further proceedings.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by George H. Wigfield against A. H. Akridge for work and labor done. Judgment for plaintiff without lien, and he appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Inge & Kilborn, of Mobile, for appellant.

The claim of lien, with indorsement thereon by the judge of probate, showing compliance with the statute, was relevant and material evidence, and should have been admitted. 166 Ala. 289, 52 South. 318; Code 1907, §§ 4758, 4765. The claim of lien was not rendered inadmissible because it asserted a greater amount due than plaintiff showed a right to recover. Code 1907, § 4758; 139 Ala. 250, 36 South. 618. The judgment, being erroneous in the particular only of its failure to declare a lien in favor of plaintiff upon the property in question, should be reversed only to that extent, and affirmed as to the finding of amount due plaintiff. Code 1907, § 4770; 4 Ala. App. 230, 57 South. 124; 201 Ala. 539, 78 South. 893; 15 Ala. 849; 33 Ala. 338; 10 Ala. App. 515, 63 South. 935; 184 Ala. 593, 64 South. 39; 48 Mont. 477, 138 Pac. 1100, 108 Miss. 871, 67 South. 491, L. R. A. 1915E, 239, Ann. Cas. 1917E, 880; 210 Mass. 563, 97 N. E. 102, Ann. Cas. 1912D, 588; 166 Cal. 130, 134 Pac. 1145; 137 Ga. 382, 73 South. 499; 218 Mass. 348, 106 N. E. 1; 146 N. C. 484, 59 Atl. 1008, 125 Am. St. Rep. 481; 133 Minn. 389, 158 N. W. 635, L. R. A. 1916F, 861; (Okl.) 177 Pac. 593, 8 A. L. R. 163; 2 R. C. L. 287; Powell on App. Proc. 284.

Gordon & Edington, of Mobile, for appellee.

The demand in the claim for lien as filed must be the same upon which recovery is had

---

in the suit, or the lien claim is inadmissible in evidence. 145 Ala. 665, 39 South. 731; 27 Cyc. 404. Where the issues are triable by the jury, and are not submitted in the mode required by law, and there is an appeal, the appellate court cannot reverse as to one issue only, but should direct a retrial upon all material issues of fact. 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169; 201 Mass. 227, 87 N. E. 567; 83 Neb. 88, 119 N. W. 14.

MILLER, J. George H. Wigfield sues A. H. Akridge to recover the sum of $250 for work and labor done by him under contract with defendant in building a dwelling house on land of defendant, in Bayou la Batre in Mobile county, and to establish a lien on the building and the lot on which it is situated.

[1] There are three counts in the complaint. The first and second counts are common counts for work and labor done by plaintiff for defendant in building the house. The third count avers that plaintiff and defendant entered into a contract for plaintiff to build the house, and defendant agreed to pay him therefor $250, that he partially completed the building under the contract, when both parties became dissatisfied and agreed with each other that "if plaintiff would leave off his work defendant would pay him $200 for what he had done," and plaintiff did leave off the work and defendant never paid him the $200 for the work done on the building. All three of the counts contain averments seeking to establish a lien on the lot and the building for the debt claimed for the labor performed upon the building.

The case was tried by a jury. There was a verdict for plaintiff for the debt of $187.50; but the question of establishing a lien on the building and lot for the labor performed was not submitted to the jury by the court. No evidence tending to establish a lien on the lot and building was permitted by the court to be submitted to the jury. The plaintiff appeals, and assigns as error the refusal of the court to allow the written, verified statement of the lien, filed by plaintiff in the probate office of Mobile county, Ala., to be introduced in evidence.

Any person who shall do or perform any work or labor upon any building on land under any contract with the owner, upon complying with the provisions of section 4758 of the Code of 1907, shall have a lien therefor on such building and on the land on which the same is situated, to the extent in area of the entire lot or parcel of land in the town. Section 4754, Code 1907, and authorities there noted. To secure and perfect this lien, the original contractor must, within 6 months after the indebtedness has accrued—

"file in the office of the judge of probate of the county in which the property, upon which the lien is sought to be established, is situated, a statement in writing, verified by the oath of the person claiming the lien, or of some other person having knowledge of the facts, containing a just and true account of the demand secured by the lien, after all the just credits have been given, a description of the property on which the lien is claimed, and the name of the owner or proprietor thereof." Section 4758, Code 1907, and authorities there cited.

No error in the amount of the demand or in the name of the owner or proprietor shall affect the lien. Section 4758, Code 1907.

In January, 1920, the plaintiff and defendant entered into the following written contract:

"I, George H. Wigfield, do hereby agree to build one frame house 28'x34', according to specifications, all work to be done in a workmanlike manner; the payment of the sum of $250 to be made by Mr. A. H. Akridge to George H. Wigfield when the job is completed and accepted by Mr. Akridge.
                    "George H. Wigfield
                    "A. H. Akridge."

Under this contract the plaintiff performed labor in building the house on the lot of the defendant. The contract was not completed by him. The house was not finished by him. The plaintiff testified:

"I never did complete the house, Mr. Akridge came up there one morning dissatisfied, and says to me: 'My brother is not doing anything and the shrimp business is getting dull, and my brother and I will finish it,' and he said, 'Can we come to some agreement? and I said, 'We sure can; I am willing to quit,' and we talked there a little bit about it and I said, 'If you will give me $200 and I would quit it, and he could finish it, and it would take him three or four days to finish it,' and he said, 'All right, I will do it.' He said he would pay the $200 if I would stop work, and he and his brother would finish it. I then laid off work and went and got a load of shrimp, and came back and took my tools home with me, and I have not been there since."

The defendant testified:

"Mr. Wigfield said, 'That is the best I can do,' and he said, 'Isn't your brother a carpenter?' and I said, 'Yes,' and he said, 'Couldn't you and him finish it?' and I said, 'Yes,' and he said, 'We can come to some settlement,' and I said, 'I guess so.' In that conversation I did not agree to pay him anything—nothing was mentioned. I did not tell him in that conversation that I would give him $200."

There was evidence that defendant then moved into the house, and with the assistance of his brother completed it. This work on the house by the plaintiff was done in January and February, 1920. The statement in writing, claiming the lien for the labor was filed in the probate office of Mobile county on May 6, 1920. This was within 6 months after the indebtedness accrued. It was verified by the oath of plaintiff. It contained a description of the property on which the

lien is claimed, and the name of the defendant was stated as the owner thereof; and that plaintiff performed work and labor on the building. Attached to and made a part of the statement was a copy of the written contract made by plaintiff and defendant. The statement stated that $250 was the amount of the agreed and reasonable value of the said work and labor done by plaintiff on the building on the lot under the contract, and that amount is due and unpaid after allowing all proper credits. The court did not permit this written, verified statement, which was filed in the probate office of that county, to be introduced in evidence. It fully complied with the statutes. Sections 4754, 4758, Code 1907.

The work performed by plaintiff in building the house on that lot was done under that written contract. The statement was filed to establish a lien on the building and lot for the labor performed by plaintiff under it. Plaintiff seeks, by counts 1 and 2, to recover for the value of that labor done under that contract, and plaintiff seeks by count 3 to recover $200, the value agreed to by him and defendant for that labor done by him on the building under the contract. There is no material variance between the allegations in the complaint and the statement filed in the probate office; both refer to the same lot, same building, same labor on the building, same indebtedness for the same labor on the building, and to the same contract between the same parties. It is true this work was not completed according to the contract. The contract was still executory. There is evidence, while this contract was still executory, that it was abandoned by mutual consent of the parties, and the value of the labor performed under it was fixed by them at $200; and there is evidence that the contract was abandoned by mutual consent, but the amount to be paid plaintiff for the labor performed under it and which was received by the defendant, was not agreed on by them.

If the contract was performed in part and then abandoned by mutual consent of the parties, and they agreed on the amount due for the labor performed under it, then plaintiff could recover that amount under count 3, and have a lien established on the house and lot therefor under the written contract, under the statutes (sections 4754 and 4758), when the proof shows they were complied with by him. If the contract was performed in part and then abandoned by mutual consent of the parties, and benefits from the labor of plaintiff were accepted by the defendant, and they did not or could not agree on the amount due for the labor performed under it, then the plaintiff could recover under counts 1 or 2 for the reasonable value of the work or labor done by him on the house under the written contract, and have a lien established on the house and lot therefor, under the statutes (sections 4754 and 4758), when the proof shows they were complied with by him. Moundville Lbr. Co. v. Warren, 203 Ala. 488, 83 South. 479; Russell v. Bush, 196 Ala. 309, 71 South. 397; Walstrom v. Oliver, etc., Co., 161 Ala 608, 50 South. 46; Ex parte Schmidt, 62 Ala. 252; Jefferson Plumbers & Mill Co. v. Peebles, 195 Ala. 608, 71 South. 413; Wade v. Wyker, 171 Ala. 466, 55 South. 141; Ala. State Fair v. Ala. Gas. F. & P. Co., 131 Ala 256, 31 South. 26.

The written statement under oath, with the indorsements thereon, which was filed in the probate office of Mobile county on May 6, 1920, was relevant and competent evidence to show a compliance with the statute creating a lien on the house and lot for the labor performed by plaintiff in building the house under contract with the defendant. This proof corresponds with the facts averred in each count showing the existence of the lien. The court erred in refusing to permit plaintiff to introduce it in evidence. It was plaintiff's foundation proof for establishing a lien on the dwelling and lot for the value of the labor performed by him under the contract in building the house. Sections 4758 and 4765, Code 1907; Lavergne v. Evans Bros. Co., 166 Ala. 289, 52 South. 318; Jefferson Plumbers & Mill Co. v. Peebles, 195 Ala. 608, 71 South. 413; Wade v. Wyker, 171 Ala. 466, 55 South. 141.

The other errors assigned will hardly arise on another trial, so no necessity exists for passing on them.

Each count in the complaint seeks to recover for an indebtedness for labor performed in building a house, and each count also avers facts sufficient to establish a lien on the house and lot for the indebtedness. The defendant pleads general issue and other pleas. This was a jury case. Both issues, the fact of indebtedness and the fact of the existence of the lien, were before the court and jury under and in each count of the complaint and pleas. The question of the debt due plaintiff alone was submitted to the jury. No evidence as to the existence of the lien was allowed under the issues to go to them. The former issue was passed on by the jury. The latter was not submitted to them. The evidence offered as to the existence of the lien was not submitted to the jury; that evidence did not enter the record proper. Hence Ex parte Schmidt, 62 Ala. 252, and Bedsole v. Peters, 79 Ala. 133, have no application to the facts of this case.

[2] When a cause is submitted to a jury in a court of law, and it is a jury case, and reversible error is found, like the one in this case, section 4770 of the Code of 1907 does not authorize this court to reverse and render a judgment; nor does that section or any other statute cited or known to us authorize this court to reverse this judgment for a

partial new trial by a jury for a trial by a jury of only one issue—the issue of fact as to the existence of the lien, when the other issue of indebtedness has been settled by them without error appearing of record. Section 2890 reads as follows:

"The Supreme Court may, upon the reversal of any judgment or decree, remand the same for further proceedings, or render such judgment or decree as the court below should have rendered, when the record enables it to do so."

From this, we have authority only in this case to remand the same for further proceedings.

For the error mentioned, the judgment must be reversed and the cause remanded, for trial on both of the issues tendered by the complaint—indebtedness and existence of the lien to secure it.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.