200 So. 629

ROBISON v. STATE.

8 Div. 97.

Supreme Court of Alabama.

Feb. 27, 1941.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for petitioner.

H. H. Hamilton, of Russellville, opposed.

BOULDIN, Justice.

The case of Campbell v. State, 238 Ala. 439, 191 So. 812, is not to be construed as a denial of the power of the Court of Appeals, as an appellate court, on reversal of the judgment of conviction, to discharge the accused in a proper case. The statutes recognize or confer such power. Code 1923, §§ 3258, 3259.

In the Campbell case, the Court of Appeals had erroneously held that the affidavit upon which the prosecution was had was void, and no judgment of conviction could be had thereon. For this reason, as we construed the opinion, it was held there could be no conviction on another trial. It did not appear further evidence could not be adduced on another trial in that case. This court held such discharge could not be sustained on the ground of want of jurisdiction because of a void warrant.

The Court of Appeals had gone further in the Campbell case and held the evidence was insufficient to warrant a conviction, and defendant was due the affirmative charge. This court disapproved the discharge of the accused merely because of insufficiency of the evidence adduced on the first trial. A discharge should follow only when the ends of justice appear to so demand. The Court of Appeals is vested with the judicial power to pass upon such question in the light of the whole record, subject to the general supervisory powers of this court.

Under the finding of facts, and conclusions of fact, by the Court of Appeals in the instant case, the discharge of the accused should not be disturbed.

The Code Sections above, and authorities cited in the opinion of the Court of Appeals, sustain the judgment discharging the accused.

Writ denied.

GARDNER, C. J., and BROWN, FOSTER, and LIVINGSTON, JJ., concur.