6 So.2d 524

## WIMBERLY v. STATE.

### 8 Div. 185.

Court of Appeals of Alabama.

Feb. 17, 1942.

Russell W. Lynne, of Decatur, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Trial was without a jury.

The charge was framed as for the violation of Section 402, Title 14, Code 1940, specifically that appellant did "knowingly (1) and wilfully oppose or resist Candler Pitman and Bibb Humphrey who were then and there duly appointed and acting Deputy Sheriffs of Morgan County, Alabama, in making a lawful arrest in said County (2) M. Graham Wimberly did resist a lawful arrest," etc.

This court, sitting en banc, has read and carefully considered the entire evidence and is clearly convinced that it is not sufficient to support the charge.

We deem it needless to burden the report with a recitation of the evidence. Suffice it to say that, by their own testimony, it was shown that the officers (the only witnesses for the prosecution) were not attempting to make a lawful arrest, as was averred in the affidavit. To the contrary, they had gone to the appellant's place of business to execute a search warrant. But, before notifying appellant that they were officers, and before attempting to search the premises or to execute the search warrant they claimed they had, an argument between them over an entirely extraneous circumstance intervened, and prompted the officers to arrest appellant and lodge against him the charge aforesaid.

He was committing no offense in their presence, Code 1940, Title 15, Section 154, nor were they possessed of a warrant for his arrest, nor were they attempting to make a lawful arrest when the argument arose and appellant was taken into custody. Quite obviously, the crime for which he was prosecuted is wholly unsupported by the evidence.

Due to the conclusion we reach, it is unnecessary to deal with the plea in abatement interposed by the appellant pending trial below.

Our careful study of the evidence convinces us that the appellant was erroneously convicted. To allow this conviction to stand would be unjust.

It is our further conclusion that the cause is due to be reversed and rendered. So ordered. Robison v. State, ante, p. 12, 200 So. 626, certiorari denied 240 Ala. 638, 200 So. 629.

Reversed and rendered.