18 So.2d 100

**BALENTINE v. STATE.**

**8 Div. 407.**

Court of Appeals of Alabama.

May 9, 1944.

Fred S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for vagrancy.

After a thoughtful and attentive consideration of the entire record, we are firm in the opinion that said conviction was wrong, unjust and unwarranted. We therefore feel impelled to reiterate what the appellate courts of this State have many times said in cases similar to the one at bar as concerns the evidence upon which the judgment of conviction was had. Upon the trial innumerable objections were interposed and exceptions reserved to the adverse rulings of the court. The rulings of the court were replete with error. A large portion of the evidence, allowed over objections and exceptions of defendant, was hearsay pure and simple. The law is, that the same rules of evidence apply in cases of this character as they do in all other criminal cases, and there should be no distinction in the application of these rules for the reason the accused is charged with this offense.

■ The firmly established rule in criminal cases is that every person accused of crime is presumed to be innocent, and this presumption attends the accused until his guilt has been legally proven; and in order to legally prove the guilt of any person accused of crime the burden rests upon the State to offer that measure of proof which the law requires to satisfy the jury beyond a reasonable doubt and to a moral certainty, after a consideration of all the evidence, that the defendant is guilty. It has been likewise firmly established that evidence which merely gives rise to a surmise, conjecture or suspicion as to the guilt of defendant will not suffice to sustain a judgment of conviction in any criminal prosecution. Guin v. State, 19 Ala.App. 67, 94 So. 788; 6 Alabama Digest, Criminal Law, ⊗308, 560, 561(1).

■ There is no necessity to deal specifically with all of the insistences of error here. Suffice it to say, that error, highly prejudicial to the substantial rights of defendant, prevailed in the action of the court in overruling and denying defendant's motion for a new trial. Said motion is predicated upon several separate and distinct grounds, each of which was well taken, and the court should have granted the motion. Failing to do so necessitates a reversal of the judgment of conviction from which this appeal was taken. It is so ordered; and further, judgment is here rendered discharging the defendant from further custody in this proceeding. Robison v. State, 30 Ala.App. 12, 200 So. 626, certiorari denied 240 Ala. 638, 200 So. 629.

Reversed and rendered. Defendant discharged.