40 So.2d 639

**DONALSON v. STATE.**

**4 Div. 544.**

Supreme Court of Alabama.

April 21, 1949.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the petition.

J. Hubert Farmer, of Dothan, opposed.

SIMPSON, Justice.

John Donalson was convicted by the jury of buying, receiving, concealing or aiding in concealing personal property and from the judgment rendered appealed to the Court of Appeals. On a review there that court reversed the judgment of the lower court for the refusal to him of the general affirmative charge because of the insufficiency of the evidence to sustain the indictment and rendered a judgment discharging him, conceiving it to be the mandatory duty of that court to enter such judgment under such a status; one judge, however, dissenting, entertaining the view that the proper order should have been a reversal of the judgment and remandment of the cause. Certiorari was granted to resolve this controversy.

Code 1940, Title 15, § 390, as to the character of order of reversal to be entered, provides:

"If the judgment is reversed, the supreme court or the court of appeals may order a new trial, or that the defendant be discharged, or that he be held in custody until discharged by due course of law, or make such other order as the case may require * * *."

In the recent case of Hendricks v. State,[1] 41 So.2d 423, we held that under this statute the Court of Appeals, in a criminal prosecution, has the power to discharge the defendant when and only when the ends of justice demand, such action being subject to review by this court, but that such an order should not be entered merely because there is an insufficiency of evidence to sustain the charge unless the Court of Appeals shall have considered

---

1. Post, p. 305.

that further evidence to sustain the charge could not be adduced on another trial.

The Hendricks case also pointed out that when the opinion of the Court of Appeals made no finding as to whether further evidence to sustain the charge could be adduced on another trial, a remandment to that court for further consideration to this end would be necessary. No such finding appears to have been made in the instant case and the cause will accordingly be remanded to that court for such further consideration.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.