41 So.2d 423
### HENDRICKS v. STATE.
2 Div. 263.

Supreme Court of Alabama.

April 21, 1949.

As Modified on Denial of Rehearing
May 26, 1949.

Thos. F. Seale, Jr., of Livingston, and Jas. S. Coleman, Jr., of Eutaw, opposed.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the petition.

STAKELY, Justice.

We granted certiorari so that we might consider the action of the Court of Appeals in discharging the defendant upon reversal of the judgment of conviction. This case involves a jury trial and so the question has arisen as to the power of the court to discharge the defendant without the verdict of a jury. Reference is made by petitioner to § 810, Title 7, Code of 1940, which is as follows:

"The appellate court may, upon the reversal of any judgment or decree, remand the same for further proceedings, or render such judgment or decree as the court below should have rendered, when the record enables it to do so."

It is insisted that the Court of Appeals under the foregoing statute could do no more than what the trial court could do, which was to render a judgment based on the verdict of the jury. The decision in Wilkes v. Stacy Williams Co., 235 Ala. 343, 179 So. 245, shows that under the foregoing statute unless the case is expressly or impliedly withdrawn from the jury, the trial court cannot enter judgment. The result is, according to that decision, that the appellate court does not possess power which does not reside in the trial court. The principle enunciated in Wilkes v. Sta-

cy Williams Co., supra, was reaffirmed by this court in the recent case of Alabama Electric Coop. v. Free,[1] 40 So.2d 635. But the foregoing cases were civil suits and the foregoing statute does not appear to be the statute here applicable, because in criminal cases the Court of Appeals is expressly authorized and empowered to discharge the defendant under § 390, Title 15, Code of 1940, which is as follows:

"If the judgment is reversed, the supreme court or the court of appeals may order a new trial, or that the defendant be discharged, or that he be held in custody until discharged by due course of law, or make such other order as the case may require; and if the defendant is ordered to be discharged, no forfeiture can be taken on his undertaking of bail."

In considering the effect of this statute, together with § 389, Title 15, Code of 1940, which provides that the supreme court or court of appeals "must render such judgment as the law demands," this Court in Robison v. State, 240 Ala. 638, 200 So. 629, in effect held that the Court of Appeals has the power to discharge the defendant but only when the ends of justice so demand in the light of the entire record. In Robison v. State, supra, this Court further held in effect that the power of the Court of Appeals to discharge is subject to the supervisory powers of this Court and should not be exercised merely from an insufficiency of the evidence to sustain the charge, unless the Court considers that further evidence to sustain the charge could not be adduced on another trial. See also Temlin v. State, 159 Ala. 128, 48 So. 1027. From the foregoing it appears that discharging the defendant is not predicated on the withdrawal of the case from the jury, but is based on the power lodged in the Court under the last mentioned statutes to be exercised when the ends of justice so require.

The motion to exclude the evidence raised the question of the insufficiency of the evidence in the lower court. Randolph v. State, 100 Ala. 139, 14 So. 792; Satterfield v. State, 24 Ala.App. 257, 134 So. 30; Taylor v. State, 15 Ala.App. 72, 72 So. 557. See 23 Corpus Juris Secundum, Criminal Law, § 1143, page 658. The denial of the motion presented a question for review by the Court of Appeals. Since the statutes give the Court of Appeals the right to discharge the defendant, we do not think that the peculiar procedure instituted by the motion should narrow the broad power given to the Court of Appeals by the statutes, so as to require the Court of Appeals to discharge the defendant even though it appears from the record that the state may adduce additional evidence on another trial of the cause. Robison v. State, supra.

In the case at bar the decision of the Court of Appeals does not seem to us to express an opinion as to whether it reasonably appears from the record that further evidence to sustain the charge cannot be adduced on another trial. Accordingly, while we agree that the Court of Appeals has the power to discharge, the judgment of the Court of Appeals is reversed and the cause is remanded to that Court for further consideration of the sufficiency of the evidence in the light of this opinion.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON, and SIMPSON, JJ., concur.

PER CURIAM.

Opinion modified and application for rehearing overruled.

BROWN, FOSTER, LIVINGSTON, LAWSON, and SIMPSON, JJ., concur.

---

1. Ante, p. 166.