40 So.2d 635

**ALABAMA ELECTRIC COOPERATIVE, Inc. v. FREE.**

**4 Div. 540.**

Supreme Court of Alabama.

April 21, 1949.

Jas. M. Prestwood, of Andalusia, for petitioner.

Edw. F. Reid, of Andalusia, opposed.

FOSTER, Justice.

This is a suit for damages by appellee against appellant growing out of a collision of a truck of appellant with plaintiff's automobile. The trial was with a jury. One question was whether the driver of the truck was acting in the line and scope of his employment in driving it.

The Court of Appeals, recognizing the existence of an administrative presumption against appellant on the evidence in that connection here presented, held that there was no conflict in the evidence nor conflicting inferences from it, to the effect that the

driver was without the line and scope of his authority and, therefore, that appellant was entitled to the affirmative charge as requested, and reversed the judgment for its refusal. But that court rendered a final judgment in favor of appellant, defendant below, without remanding it for another trial.

We therefore granted certiorari to review the question of whether the cause should have been remanded without rendering a final judgment. We pointed out in the case of Wilkes v. Stacy Williams Co., 235 Ala. 343, 179 So. 245, that when there was a trial by a jury and the judgment is reversed on appeal, the question of whether one should be rendered by the appellate court or the cause remanded for another trial, is controlled by Title 7, section 810 (section 6149, Code of 1923), which authorizes the court on appeal in a civil suit, when there is a reversal, to render such judgment as the trial court should have rendered; and that unless the case is withdrawn from the jury on its trial, a holding by the appellate court that defendant was entitled to an affirmative charge hypothesized on a belief of the evidence does not justify the rendition of a judgment for defendant on appeal. This is because the trial court could not render a judgment for defendant on such a trial except on the verdict of a jury. There having been no verdict for defendant, neither the trial court nor the appellate court can render a judgment for defendant. Luquire Ins. Co. v. Parker, 30 Ala.App. 570, 10 So.2d 41; Wigfield v. Akridge, 207 Ala. 560, 93 So. 612.

The charge in the instant case was properly hypothesized on a belief by the jury of the evidence. The plaintiff made out a prima facie case on that question. It was then the duty of defendant to overcome the presumption on which plaintiff's case rested. This was attempted to be done by the testimony of witnesses whose truthfulness was for the jury to pass on, even though the affirmative charge with hypothesis should have been given. So that unless the jury believe the evidence, defendant was not entitled to a verdict or judgment.

This is a different status from that arising in a criminal case with a jury, in which the question is controlled by Title 15, section 390, Code. By that statute the appellate court is not restricted to such judgment as the trial court should have rendered. Robison v. State, 240 Ala. 638, 200 So. 629; Hendricks v. State, post, p. 305, 41 So.2d 423.

The judgment of the Court of Appeals is reversed to the extent that it is finally rendered in favor of defendant below, but otherwise it is affirmed. The cause is therefore remanded to the Court of Appeals so that it may be there remanded to the circuit court for another trial.

Affirmed in part, and in part reversed and remanded.

BROWN, LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., concur.