150 So.2d 706

Clarence **LYLE**

v.

**WINSTON COUNTY, etc.**

6 Div. 882.

Supreme Court of Alabama.

Feb. 28, 1963.

Rankin Fite, Hamilton, and Arthur Fite, Jr., Jasper, for appellant.

James & Rutledge, Haleyville, and Tweedy & Beech, Jasper, for appellee.

MERRILL, Justice.

Plaintiff was Chairman of the Board of Revenue of Winston County in 1957 and his salary was $400 per month. He received no salary after August 16, 1957, and he sued Winston County for the salary from August 16, 1957, to January 17, 1959. Judgment was for defendant, motion for a new trial was overruled and plaintiff appealed.

This case is determined by the local law in effect in Winston County after August 16, 1957. Prior to 1939, the regular Court of County Commissioners, with the Probate Judge as Chairman, was the governing body of Winston County. In 1939, Act No. 333 created a Highway Board which took over all duties as to roads and bridges but the Court of County Commissioners continued to handle all county business with the exception of roads and bridges.

In 1955, local Act No. 84 abolished the Highway Board and created in lieu thereof a Board of Revenue, of which plaintiff was appointed chairman. Act No. 84 also abolished the Court of County Commissioners, but the abolition was postponed until the end of the term of the then commissioners, which would be January 18, 1959. After that date, "the Board of Revenue established hereby shall be the governing body of the county, and shall have and exercise all the jurisdiction, powers, and authority conferred on or vested in courts of county commissioners, boards of revenue, and like county governing bodies under the general laws of the State."

There was no question about plaintiff's right to draw his salary until after the passage of Act No. 111 in 1957 and its subsequent approval by the voters of Winston County.

Act No. 111 took all duties with reference to roads from the Board of Revenue and placed all these duties and the authority in the State Highway Department.

Appellee contends that Act No. 111 repealed Act No. 84 and that plaintiff had

no office, no duties to perform and that he had acquiesced in the abolition of his office by turning over the county's highway equipment, employees and records to the State Highway Department. We cannot agree.

■ As to acquiescence, it does not constitute an abandonment of the office of Chairman of the Board of Revenue to comply with the provisions of a legislative act which requires the surrender or delivery of equipment, records and duties to another body designated by the legislature to receive them.

We agree that appellant had few duties after the passage of Act No. 111, and prior to the expiration of the terms of the county commissioners, but one plain and demanding duty was to be in existence when the terms of the commissioners did expire and to become Chairman of the governing body of Winston County. To hold otherwise would be to hold that Winston County did not have a governing body from the expiration of the terms of the county commissioners until the passage of Act No. 326, Acts of Alabama 1959, p. 902, approved October 29, 1959, which retained the Board of Revenue plan, but provided, inter alia, that the chairman be elected rather than appointed by the governor.

Appellant proved that he was appointed by the Governor of Alabama under Act No. 84, that he acted as Chairman of the Board of Revenue, held the meetings that the act called for, had an office in the courthouse annex, transacted such business as he should, that the county failed to pay him in August, 1957, and that his salary of $400 per month had not been paid since that time. He further showed that his term of office had been terminated by the incoming governor in February, 1959. (Act No. 84 provided for the appointment of the Chairman of the Board of Revenue by the Governor.)

We are not here concerned with the wisdom of the legislature in creating a standby Board of Revenue to take over when the terms of the county commissioners expired. It is sufficient that plaintiff was chairman of that board, he did serve and his salary was fixed by law, and it was due and unpaid. And not only did the terms of the county commissioners expire, but they and Winston County argued in brief when this case was here in McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885, that the question was moot as to them because their term of office had expired and "also by Act No. 84 passed by the 1955 Legislature of Alabama, the office which said appellants held was itself abolished and went out of existance in January, 1959." Counsel signing that brief for Winston County also signed the brief in the instant case. Act No. 111 did not repeal Act No. 84 in toto, and the Board of Revenue created under Act No. 84 continued to be the governing body of Winston County until Act No. 326 became effective in October, 1959.

■ No question of fact was presented in this cause other than those already enumerated which were necessary to prove plaintiff's claim. The trial court should have, under this evidence, given the requested written charge A which was the general charge without hypothesis. Chichester v. First Nat. Bank of Birmingham, 242 Ala. 227, 5 So.2d 772. However, we cannot reverse on the failure to give that charge because it is not made the basis of an assignment of error.

Assignment of error 1, although argued in brief, would likely not occur in another trial and for that reason is not discussed.

■ Assignments 2, 3, 4 and 5 are that the verdict is contrary to the law, contrary to the evidence, not sustained by the preponderance of the evidence, and contrary to the law and the evidence. While these are good grounds for a motion for a new trial, they are not good as assignments of error and present nothing for review. King v. Jackson, 264 Ala. 339, 87 So.2d 623; Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921; Thompson v. State, 267 Ala. 22, 99 So.2d 198; Ex parte Noble, 267 Ala. 488, 102 So.2d 902.

**584**

However, assignment of error 6, that the court erred in overruling the motion for a new trial, is a proper assignment. Such assignment of error brings up all questions sufficiently set forth in the motion for a new trial and argued in brief on appeal. Roan v. McCaleb, 264 Ala. 31, 84 So. 2d 358. The motion for a new trial contained the grounds that the verdict was contrary to the law and to the evidence so we do consider those grounds of the motion for a new trial as we did in the Mulkin case, supra.

Since the verdict was contrary to the law, the motion for a new trial should have been granted, and the trial court erred to reversal in overruling the motion.

Title 7, § 810, Code 1940, permits an appellate court, upon reversal, to "render such judgment or decree as the court below should have rendered, when the record enables it to do so." Even though only a question of law was presented, and the trial court should have given the affirmative charge without hypothesis, we cannot reverse and render here, but can only reverse and remand. Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659.

Under Tit. 7, § 810, an appellate court cannot render a judgment in a civil suit where there is a jury, unless there is a verdict by the jury on which to base the rendering of the judgment. A holding by the appellate court that either party was entitled to the affirmative charge does not justify the rendition of a judgment for the party so entitled on appeal. This is because the trial court could not render a judgment for the party entitled except on a verdict of a jury. There being no verdict for the plaintiff, neither the trial court nor the appellate court can render a judgment for plaintiff. Alabama Electric Cooperative v. Free, 252 Ala. 166, 40 So.2d 635; Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659; Wilkes v. Stacy Williams Co., 235 Ala. 343, 179 So. 245; Wigfield v. Ak-

ridge, 207 Ala. 560, 93 So. 612; Luquire Ins. Co. v. Parker, 30 Ala.App. 570, 10 So.2d 41. Under these authorities, the judgment should be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.