231 So.2d 766

Guy B. GOODWIN, Jr.

v.

HOUSEHOLD FINANCE CORPORATION OF MONTGOMERY, Alabama.

5 Div. 5.

Court of Civil Appeals of Alabama.

Feb. 18, 1970.

Russell, Raymond & Russell, Tuskegee, for appellant.

William C. Hare, Tuskegee, for appellee.

WRIGHT, Judge.

This case was begun by suit on a note in the Circuit Court of Macon County, Alabama. The suit was for the sum of $552, together with interest from January 11, 1962, and a reasonable attorney's fee. The note was alleged to have been executed by defendant on January 11, 1960, to plaintiff's assignor in Miami Beach, Florida. A jury demand was filed by defendant. Demurrer to the complaint was overruled. It was agreed to plead in short by consent, and in addition a sworn special plea was filed by defendant, alleging that at the time of execution of the note, defendant was of unsound mind. Motion to strike and demurrer to this plea were overruled.

Plaintiff offered in evidence the note, without proof of its execution, to which defendant objected on the ground that his plea of unsound mind was in effect a plea of non est factum, and placed the burden upon plaintiff to prove the execution of the note. After lengthy discussion, and apparent consideration of some case law, the objection of defendant was overruled and exception was reserved.

After presentation of evidence, the case was submitted to the jury. A verdict was returned in favor of plaintiff and against defendant for the sum of $426.24. The jury requested instructions from the judge as to whether their verdict should include an amount for attorney's fee. Counsel for plaintiff stated during the trial, and again at this time, that he did not choose to offer evidence as to a reasonable attorney's fee, as that was to be assessed by the court and not by the jury. His stated reason for this action was that the note specified that a reasonable attorney's fee for collection of the note was to be determined by the "Court." (Quotation marks supplied.)

Whereupon, the judge accepted the jury's verdict, which verdict did not include any amount for a reasonable attorney's fee. He commented upon the wording of the note, and that usually the term "the court" refers to the judge, but that this was a jury case. We quote from the statement of the judge, "If the court is sure that this meant to be determined by the court, that is, the judge of this court, then the court can fix the fee without any testimony or evidence in support of the same. There is a Supreme Court of Alabama case on that point. Lady and gentlemen, you are discharged."

The judge then proceeded to determine that he had the right under the wording of the note to fix an attorney fee in favor of plaintiff. Without taking any evidence he set a fee of $125. The defendant excepted to the court's ruling on the grounds that no evidence was taken by the judge in setting the fee, and that the action of the court was wrong, in that the setting of such fee was for the jury. Defendant contended there was no provision for the judge to add to the verdict of the jury a sum for attorney's fee.

Judgment was entered in accordance with the jury's verdict, and a separate judgment entry was made fixing the sum of $125 as a reasonable attorney fee to the jury's verdict, making a total of $551.24, together with costs.

Motion for new trial was filed and duly denied. In his order denying the motion, the court discussed at length the grounds of the motion. The points raised by the motion were the same as brought here by assignments of error on this appeal.

They are (a) Did the filing of the plea of unsound mind require proof of execution of the note by plaintiff? (b) Did the wording of the note as to determination of a reasonable attorney fee incurred in collection of the note, authorize the trial judge to remove from the jury that element of the complaint, and to enter his own judgment, without evidence, for an amount due plaintiff from defendant as reasonable attorney's fee?

We shall first consider assignment of error No. 4, which in brief, is that the court erred in fixing an attorney's fee of $125, after the jury had brought in a verdict for plaintiff in the sum of $426.24, which sum was stated not to include any amount as a reasonable attorney's fee.

In this case there was a demand for trial by jury filed by the defendant in accordance with Title 7, Section 260. There was no withdrawal or waiver of that demand. It thus became mandatory for the court to submit issues of fact to the jury for their consideration and verdict. In a jury trial there can be no judgment without a verdict of the jury. Wilkes v. Stacy Williams Co., 235 Ala. 343, 179 So. 245.

The issues involving the recovery of a reasonable attorney's fee by plaintiff included, not only how much, but if any. The wording of the clause in the note as to recovery of a reasonable attorney fee is as follows: "The amount of any judgment hereon in favor of the holder *may* include the holder's actual and reasonable attorney's fees as determined by the court." (Emphasis ours.)

This states that a judgment on the note *may* include actual and reasonable attorney fees. There is nothing mandatory about this part of the contract. It further requires such fees to be determined upon proof of *actual* and reasonableness of such fees. Thus, there are at least two issues of fact for determination: 1. Whether plaintiff is entitled to any attorney's fee, and 2 What actual and reasonable fees are due plaintiff.

The proposition upon which plaintiff's attorney and the trial judge removed this issue from decision by the jury, was that the note stated such fees were to be determined by the "court" and the "court" was the judge. Even if such meaning could be read into the wording of the note, it would

have no legal standing in a trial by jury. We do not interpret the word "court" in this instance to be limited to, or synonymous with the word judge. Websters Third New International Dictionary, Unabridged, includes among various meanings of the word court, the following: "the persons duly assembled (under authority of law) for the administration of justice; an official assembly legally met together for the transaction of judicial business."

The official assembly constituting the "court" at the trial of this case included a jury of good and lawful men and women, to-wit: "William J. Thornton, Foreman, and eleven others, being duly and legally impanelled * * *" We have quoted from the official judgment entry as shown in the transcript.

Title 1, Section 2, 1940 Code of Alabama, is quoted in part as follows: "The words 'jury' or 'juries' include courts or judges in all cases when a jury trial is waived, or when the court or judge is authorized to ascertain and determine the facts as well as the law."

We believe the converse to be true, that is, the word "court" includes the word "jury" in all cases in which a trial by jury is authorized, demanded, and not waived.

We find the judge below erred in removing the question of the right to, and amount of a reasonable attorney's fee from the consideration of the jury, and entering separate judgment for attorney's fee without basis of a jury verdict.

We think sufficient reason and authority has already been given, but in addition, we cite the following from Sheffield Chamber of Commerce v. Hatch, 220 Ala. 601, 127 So. 173: "* * * the question of what was reasonable to be allowed as attorney's fee was for the jury, though the expert testimony in respect thereto was undisputed, it was merely advisory and not conclusive."

Assignment of error 1 is that the court erred in allowing into evidence, over objection of defendant, the note upon which suit was brought, without proof of execution, in the face of defendant's plea of unsound mind at the time of execution.

It is contended by appellant that the plea of unsound mind constituted in effect a plea of non est factum, and thus placed upon plaintiff the burden of proof of execution. There is authority for this contention. In the case of Milligan v. Pollard, 112 Ala. 465, 20 So. 620, it was stated: "3d, 'that his intestate was insane at the time he gave the note sued on,' was essentially a plea of non est factum, and as such, was bad, for the want of verification. * * *"

In the case of Bank of Kennedy v. Dorroh, 209 Ala. 511, 96 So. 611, we find the following; "as we understand the rule in this state, if the maker of the instrument was incapable of binding himself because of insanity, there was in legal effect no valid execution of the instrument, and such a defense is equivalent to a plea of non est factum."

We are constrained under these authorities to hold that the admission of the note, over the objection of defendant, without proper proof of its execution by defendant was error. The fact that later in the trial there was introduced into evidence the answers to interrogatories and the admitted signature thereto of the defendant, and that defendant did not deny that the signature on the note was his, but only that he did not remember signing it, did not legalize the introduction of the note without proper proof of its execution. The jury would not have had the opportunity to compare signatures had the note not been illegally in evidence. Without question, there was an affirmative burden upon plaintiff to establish by admissible evidence proof of execution—Title 7, Section 375, Code of Alabama 1940.

For the errors stated, this case must be reversed and remanded.

Reversed and remanded.