272 So.2d 901

In re Susie GREEN

v.

**FIRST NATIONAL BANK OF TUSKA-LOOSA d/b/a First Charge Service.**

**Ex parte FIRST NATIONAL BANK OF TUSKALOOSA d/b/a First Charge Service.**

**6 Div. 892.**

Supreme Court of Alabama.

Sept. 7, 1972.

Rehearing Denied Sept. 29, 1972.

Turner & Turner, and Richard A. Thompson, Tuscaloosa, for petitioner.

Maxwell Peters, Tuscaloosa, for respondent.

COLEMAN, Justice.

Plaintiff sued defendant on open account. The case was tried by a jury and verdict and judgment thereon were for plaintiff. On appeal, for the failure of the trial court to give to the jury the general affirmative charge without hypothesis for defendant, the Court of Civil Appeals, 49 Ala.App. 426, 272 So.2d 895 reversed and rendered judgment for defendant. The plaintiff contends that the holding of the Court of Civil Appeals is error.

Plaintiff sued on an account arising out of the use of charge cards issued by plaintiff to defendant and her husband. The Court of Civil Appeals concluded that the evidence failed to show that defendant was liable on the account. The Court of Civil Appeals made the following findings, among others:

> ". . . . Appellant was issued a card in the name of Mrs. Stephen Green, Jr. Appellant's husband was issued a card in his name. The two cards had the same account number imprinted on them . . . ."

> ". . . . The record reveals that appellant was issued a charge card in the name of Mrs. Stephen Green, Jr., and that the first few billing statements were in the name of Mr. and Mrs. Stephen Green, Jr. . . . ."

> "During the 22 months that appellant and her husband used the 'First Charge Service,' there was a total of $897.76 charged to said account, *$453.59 being charged by appellant* and $444.17 charged by her husband." (Emphasis Supplied)

> "The only piece of evidence that could possibly be construed as indicating either that appellant had a joint account, or that she had impliedly consented to be solely responsible for her purchases, was the charge card in the name of Mrs. Stephen Green, Jr.

> "The effect this piece of evidence had on the determination of the issue in this case appears to us to have been completely dissipated by the fact that there was only one account number . . . ." etc.

■ The findings of the Court of Civil Appeals thus set out in their opinion

present a case where a credit card has been issued to the defendant in her own name, and she has used the credit card to purchase merchandise on the credit extended or made available to her by use of the card. These findings tend to indicate, as the Court of Civil Appeals concedes, that appellant had a joint account or consented to be responsible for the purchases she herself made. We are not persuaded that these findings do not constitute at least a scintilla of evidence tending to support an inference that defendant is liable on the account sued on in the instant case.

As the Court of Civil Appeals points out, there is other evidence tending to support a contrary inference, but it is for the jury to decide which inference shall prevail.

". . . . In civil cases the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish á mere gleam, glimmer, spark, the least particle, the smallest trace, a scintilla, in support of the theory of the complaint. (Citations Omitted)" International Brotherhood of Teamsters, etc. v. Hatas, 287 Ala. 344, 357, 252 So.2d 7, 18.

We are of opinion that the Court of Civil Appeals erred in holding defendant entitled to the affirmative charge.

This court has said:

"Under Tit. 7, § 810, an appellate court cannot render a judgment in a civil suit where there is a jury, unless there is a verdict by the jury on which to base the rendering of the judgment. A holding by the appellate court that either party was entitled to the affirmative charge does not justify the rendition of a judgment for the party so entitled on appeal. This is because the trial court could not render a judgment for the party entitled except on a verdict of a jury. . . . ." Lyle v. Winston County, 274 Ala. 581, 584, 150 So.2d 706, 709.

See also: Wilkes v. Stacy Williams Co., 235 Ala. 343, 179 So. 245; Hendricks v. State, 252 Ala. 305, 41 So.2d 423; Alabama Electric Cooperative v. Free, 252 Ala. 166, 40 So.2d 635; and Goodwin v. Household Finance Corporation of Montgomery, 45 Ala.App. 442, 231 So.2d 766.

The Court of Civil Appeals erred in rendering judgment instead of remanding the cause to the trial court.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.

ON REHEARING

On rehearing, counsel for plaintiff requests clarification of the opinion. It is not clear to counsel whether the opinion of this court now requires the Court of Civil Appeals to remand the cause to the trial court. We did not intend to place that requirement on the Court of Civil Appeals.

We held that the Court of Civil Appeals erred in reversing the trial court for refusing to give the affirmative charge for defendant.

We held also, that the Court of Civil Appeals erred in rendering judgment for defendant instead of remanding the cause to the trial court. Our latter holding, however, applies only to the judgment of the Court of Civil Appeals on original deliverance and does not apply to the judgment which the Court of Civil Appeals will render after the cause has been remanded by this court to the Court of Civil Appeals.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to the Court of Civil Appeals for further consideration in accord with this opinion.

Opinion extended.

Application for rehearing overruled.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.