YATES, Presiding Judge.
These parties have previously.been before this court. See Alabama Educ. Ass’n v. Black, 752 So.2d 514 (Ala.Civ.App.1999) (“Black I”) for a detailed procedural and factual history of this case.
Suffice it to say that Carmen Black was a nontenured teacher employed by the Birmingham Board of Education (“Board”). Black was also a member of the AEA, an organization consisting of approximately 75,000 teachers and education support personnel that lobbies on behalf of its members. One function of the AEA is to hire attorneys to represent its members in employer-employee disputes. Id.
Black was notified by the Board in June 1991 that it was not going to renew her teaching contract for the 1991-92 school year. Black contacted the AEA and requested that it provide her with an attorney to represent her in a lawsuit against the Board. Dr. Joe Reed, the associate executive secretary of the AEA, informed Black by letter that her application for assistance was being denied. The letter stated that because she was a probationary employee and the Board could “nonrenew” her contract without having to provide her any reasons for doing so, unless she could show some constitutionally impermissible reason for the Board’s action she would have no legal recourse against the Board. The letter also informed Black that if she employed a private attorney to pursue her case against the Board and was successful in being reinstated to her employment, the AEA would “reimburse [her] for legal fees, not to exceed $60 an hour, plus court costs.” Id., at 516.
Thereafter, Black contacted Dr. Reed and asked him to reconsider the denial of her request for an attorney. Dr. Reed responded to Black by letter, informing her that her application had been thoroughly reviewed and that it was determined her case could not be won in a court of law. This letter reiterated AEA’s offer to reimburse her for her legal fees at $60 per hour, including court costs, if she hired a private attorney to pursue her case and was successful in getting reinstated to her employment. Id.
Black hired David Sullivan, an attorney experienced in handling AEA-related cases, and sued the Board. After Sullivan had sued the Board on Black’s behalf, he wrote a letter to Dr. Reed informing him that Black had sued the Board, requesting *500 that AEA reconsider its decision not to provide her with legal assistance, and asking that he be permitted to continue to represent Black at AEA’s expense. AEA did not respond to this request, and Black entered into a contingency-fee agreement with Sullivan. Black settled her case against the Board in February 1996. Pursuant to the settlement, she received tenure, credit for sick days for four years, retirement credit, and $100,000 in damages for mental anguish. The Board also reimbursed Black $2,336 in litigation expenses and court costs not to exceed $500. Id.
On March 20, 1996, Sullivan informed Dr. Reed by letter that Black had been successful in her lawsuit against the Board. Sullivan submitted an itemized statement of his hourly charges and expenses incurred in the litigation with the Board and requested payment in accordance with Dr. Reed’s earlier letter to Black stating that if she succeeded in her lawsuit against the Board then AEA would reimburse her for her legal expenses, not to exceed $60 per hour plus court costs. The statement submitted by Sullivan indicated that he had expended 224.20 hours in litigating the case on behalf of Black; it requested payment of $15,980.65. Dr. Reed informed Sullivan that he would need additional information before he could make a determination regarding the attorney fee and requested a copy of all the pleadings and motions that had been filed in the case. Dr. Reed informed Black that some of Sullivan’s hours seemed excessive and that as soon as the review of the charges was complete, the AEA would pay the “reasonable and customary” rate for the case. Id.
On August 22, 1996, Dr. Reed informed Black that after reviewing the records in the case, the AEA would reimburse her $11,985 as a reasonable attorney fee and that anything claimed over this amount was excessive. Dr. Reed enclosed a check in the amount of $11,985. On September 20, 1996, Black wrote a letter to Dr. Reed requesting that the AEA pay her the balance of the amount submitted by Sullivan. Dr. Reed responded, stating that AEA policy requires that it reimburse only a reasonable and customary attorney fee and that the $11,985 that had been paid was fair. Dr. Reed informed Black that it would provide no more reimbursement. Id.
Black sued the AEA, alleging a breach of contract and intentional interference with contractual relations. Black sought both compensatory and punitive damages. Black requested a trial by jury. At trial both parties moved the court for a prever-dict JML. The court granted the AEA’s JML motion as to the claim alleging interference with contractual relations and the claim for punitive damages; however, it denied AEA’s JML motion as to the claim alleging breach of contract. Black moved the court for a JML as to her breach-of-contract claim. The trial court granted Black’s motion, stating:
“ ‘It’s my specific holding that there was a contract, and that the defendant failed to live up to its end of the contract. Or in other words, it’s my finding the defendant breached the contract. The defendant may have thought that it was reserving the right in this letter to pay what it deemed to be reasonable and customary, but that’s not what the contract said. The contract is clear and unambiguous and it’s my holding that as a matter of law that the plaintiff is due to recover the sum of $3,995 for the defendant’s breach of contract.’ ”
Id., at 518.
The AEA argued on appeal that the contract should have been construed to require only the payment of a reasonable attorney fee, even though the contract it *501 self did not contain language that spoke to the reasonableness of the amount of the attorney fee claimed. Black argued that the AEA breached the plain terms of the contract by arbitrarily reducing the amount of fees and expenses submitted by Sullivan. This court held “that the court erred, as a matter of law, in not construing the contract to require the reimbursement of only a reasonable attorney fee.” Id., at 519. We remanded the case for the trial court to determine whether the number of hours submitted by Sullivan to the AEA for payment was a reasonable number. We also held that any further reimbursement Black might be entitled to should not include moneys for expenses and costs that had previously been paid by the Board. Id.
Upon remand, the trial court, on January 14, 2000, set the matter for a jury trial on June 19, 2000. Thereafter, Black moved the court for a summary judgment, requesting that it hold, as a matter of law, that the number of hours submitted by Sullivan was a reasonable number of hours. Black supported her motion with Sullivan’s affidavit and the affidavit of W.L. Williams, Jr., the attorney currently representing her in this case against the AEA. Williams testified as follows:
“1. I have practiced law for over 40 years, and have also held the position of a Supervisory Trial Attorney for the Equal Employment Opportunity Commission for approximately 20 years.
“2. During my years of experience, I have had the opportunity of evaluating the hours submitted for various attorneys with respect to reasonableness of hours expended.
“3. I have personally known David A. Sullivan for nearly 50 years, as an attorney for over 20 years, as my personal attorney for nearly 10 years, and he has served as co-counsel with me for approximately 7 years.
“4. From those experiences, I personally know of his work habits, case preparation, study habits, and billing practices. He is one of the most competent, skillful, resourceful and successful attorneys I have known. His competency, skill, and resourcefulness has been judicially recognized by the Aabama Supreme Court in [Ex parte Horn, 718 So.2d 694 (Ala.1998)], where that court affirmed the award of an interim [attorney] fee of $250,000.00 in a common benefit/common fund case against the City of Birmingham.
“5. His integrity and reputation for honesty and integrity in the general Birmingham and legal community is beyond reproach. It is beyond his capacity to submit an unreasonable and/or unnecessary legal bill for services rendered.
“6. In preparing for and in representing Ms. Black in the instant case, I received the materials, files, complaints, pleadings, briefs, and legal research of Mr. Sullivan. I have also received his billing to AEA for services rendered. The hours he submitted to AEA were reasonable and necessary. The issues were complex and his approach to obtain the results he obtained were novel.
“7. In summary, the 224.20 hours submitted by Mr. Sullivan were reasonable and necessary.”
Sullivan incorporated by reference in his affidavit, the testimony he gave at trial of this matter, and further stated, that the hours he claims to have expended in representing Black against the Board were reasonable and necessary.
In opposition to Black’s motion for summary judgment, the AEA presents the affidavit of Joel Dillard, its attorney in this matter. Dillard testified as follows:
*502 “I am currently licensed to practice law in the State of Alabama, and have been so since 1975. In addition, I have been an Alabama Education Association (‘AEA’) Network Attorney since 1979. As an AEA Network Attorney, I am familiar with the work necessary to accomplish the matters for which David Sullivan represented Carmen Black. I have personally reviewed the March 30, 1996, invoice for legal services prepared by David Sullivan and submitted to AEA for payment which requested payment for 224.20 hours of work on behalf of Carmen Black. In addition, I have reviewed his trial testimony in the above styled case. It is my opinion, that many of the 224.20 hours David Sullivan submitted for payment were unreasonable and unnecessary work performed by him. It is my opinion, after reviewing his March 30, 1996, invoice, the hours submitted by David Sullivan were grossly inflated and that no other attorney, in my opinion, could justify or expect AEA to pay. For instance, David Sullivan eharge[d] AEA 6.0 hours for research on the Belcher Theory. Belcher v. Jefferson County Board of Education, 474 So.2d 1063 (Ala.1985), stood for the proposition that a board of education is not necessarily entitled to substantive immunity for a breach of contract claim founded upon a violation of a board of education’s policy. This is a principle and theory with which David Sullivan, as a former AEA Network Attorney, should have been familiar and should have not required six hours of additional research.
“In addition to this entry, David Sullivan spent 9.5 hours preparing Carmen Black for her deposition. Likewise, David Sullivan spent 21 hours reviewing the Defendant’s Motion for Summary Judgment and 30 hours preparing a response. This was in addition to 32.5 hours he had already spent on research prior to beginning his research and review of the summary judgment motion.
“It is my opinion that, at best, only 150 hours expended by David Sullivan, were reasonable and necessary for the prosecution of Carmen Black’s claim. David Sullivan is an experienced lawyer who spent approximately 20% of Ms practice representing school employees in personnel matters such as the claims presented by Carmen Black. As such, it was unreasonable and [unnecessary] for him to bill AEA 224.20 hours for his work in this case.”
On September 22, 2000, the trial court entered an order finding that Sullivan had “reasonably and necessarily expended 224.20 hours to obtain extraordinary and exceptional results” for Black, and awarded her $1,676.67 in an attorney fee and prejudgment interest. The trial court stated that in reaching its determination it considered the ore tenus testimony presented at the original trial, the character and skill of Sullivan, and the affidavits presented by the parties in support of, and in opposition to, Black’s motion for summary judgment.
Apparently the trial court interpreted this court’s instructions on remand to mean that the trial judge should sit as the trier of fact in determining whether the number of hours submitted by Sullivan was a reasonable number. In hindsight, this court recognizes that its instructions to the trial court were not a model of clarity; nevertheless, because Black sued the AEA alleging breach of contract for the AEA’s refusal to pay legal fees and requested a trial by jury, this court intended that any questions of fact that existed regarding the reasonableness of the legal fees requested be submitted to a jury. See Goodwin v. Household Fin. Corp. of Montgomery, 45 Ala.App. 442, 231 So.2d 766 (Ala.Civ.App.1970). Accordingly, we will review this case under the summary- *503 judgment standard set forth in Rule 56, Ala. R. Civ. P.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Viewing the evidence in a light most favorable to the AEA and resolving all reasonable doubts against Black, as we are required to do, we conclude that a question of fact exists as to the reasonableness of the number of hours Sullivan presented to the AEA for reimbursement. Accordingly, we must reverse the judgment entered in favor of Black and remand the case for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.