## GARDNER & SAGER v. ALLEN'S EX'R.

1. Where one purchases goods of a factor, under a belief authorised by the facts of the case, that the latter was the real owner, he may set-off a debt due him from the factor, to an action for the purchase money, brought either by the factor or his principal.

WRIT of error to the County Court of Mobile.

This was an action of *assumpsit,* at the suit of the defendant in error against the plaintiffs. The declaration contains a number of counts, among which were several seeking to charge the defendants for the proceeds of sixty-nine bales of cotton, which they had shipped to, and caused to be sold in Liverpool for the plaintiffs' account and benefit; in addition to which, the common counts are added. The cause was tried on the pleas of *non assumpsit,* payment and set off. A verdict was returned for the plaintiffs for five hundred and ninety-eight 20-100 dollars, damages, and a judgment was rendered accordingly.

On the trial, the defendants excepted to the ruling of the judge in his charge to the jury. It was proved that the plaintiff shipped to Messrs. Labuzan & Pollard, at Mobile, sixty-nine bales of cotton. The latter placed the cotton in the hands of the defendants to be shipped to Liverpool, and received an advance thereon. The shipment was made accordingly, and the cotton sold in Liverpool, yielding a sum sufficient to reimburse the defend-

ants their advance, and upwards of five hundred dollars in addition. For this excess, still remaining in their hands, this action was brought. Messrs. Labuzan & Pollard were commision merchants, and received the plaintiff's cotton for sale or shipment. The defendants proposed to show that they were ignorant of the plaintiff's right to the cotton in question; that they received it from Messrs. Labuzan & Pollard without the knowledge that it was not their property; and that the latter were indebted to them in the sum of five hundred dollars, or thereabouts. In consequence of this indebtedness, they resisted a recovery by the plaintiff. The court, on motion of the plaintiff's counsel, rejected the evidence offered by the defendants, on the ground that it was inadmissible.

GIBBONS, for the plaintiffs in error. The evidence offered by the defendants below, was certainly admissible. If a factor deal with the goods. intrusted to him by his principal, as if they were his own, all persons to whom he thus disposes of them, may set-off, or retain to the amount of the factor's indebtedness, when an action is brought for the price, either by the factor, or his principal. He cited 7 T, Rep. 360; 1 Campb. Rep. 444; 2 id. 343; 4 B. & C. Rep. 408; 5 B. & Adol. Rep. 97; Paley on Agency, 326 to 335; How. Rep. U. S. 234; 1 Stewt. & P. Rep. 19; 10 Wend. Rep. 492; 7 Mass. Rep. 324; 13 Johns. Rep. 9 to 22; 9 Cow. Rep. 296.

LESESNE, for the defendant. A set-off cannot be made in this action, of a debt due the defendants below by Labuzan & Pollard. The statute applies only where the plaintiff is indebted to the defendant. [Clay's Dig. 283; 1 Johns. Cases, 169; 12 Johns. Rep. 276; 1 Bay's Rep. 299; 4 Cow. Rep. 496; 5 id. 231; 6 id. 261, 693; 9 id. 295; 8 Mass. Rep. 418.]

But the question is not as to the construction of the statute of sets-off, but it is, whether the defendants had a lien upon the cotton, or for a general balance due them by Labuzan & Pollard, arising out of their dealings as factors. A debt created apart from such business, would not attach as a lien. [Paley on Agency; 135–6–7; Story on Agency, 387; 3 Esp. Rep. 268.]

The case cited by the defendants in error from 10 Wend. Rep., so far as relied on here, is a mere *dictum* of the court, and in con-

flict with previous decisions in New-York. The case in 9 Cow. Rep. recognizes the correctness of the case cited from 5 Cow., and merely extends the right of set-off against the *cestui que trust*.

COLLIER, C. J.—It has been often stated, as an acknowledged principle, if a factor sells goods in his own name, the purchaser, without a knowledge of any other person being a party to the contract, in the absence of collusion, is entitled to regard the debt as due to the factor, so as in an action brought by the principal, to set-off a debt due from the factor to himself. [Paley's Agency, 326 to 335.] Mr. Justice Story, in his treatise on the Law of Agency, says, if the agent is the only known or supposed principal, the person dealing with him will be entitled to the same rights of set-off as if the agent were the true and only principal. [p. 432.] And in such case, the set-off is equally good, whether a suit be brought in the name of the principal, or of the factor or agent, for the price of the goods. [Id. 452; see, also, id. 417–8–9, and cases there cited.] In Mitchell v. Bristol & Powell, [10 Wend. Rep. 492,] the law is laid down in equivalent terms, and the court, after citing several English decisions, say, in these cases it is held, that it makes no difference whether the sale by the agent is under a *del credere* commission or not; the reason of the law is the same in both cases. But it is needless to elaborate the point at greater length. The authorities cited very fully show that it is quite immaterial whether the principal or his agent is the plaintiff. If the latter sue, the defendant may avail himself of any set-off, which he has against the former; or, if the former be the actor in the suit, the purchaser may set-off a claim which he has against the latter, *if he purchased under a just belief authorized by the facts of the case*, that the agent was the real owner of the goods. [Story's Agency, 417–8.] And this seems to be the current of decision, both in England and the United States, without regard to the extended or restricted terms of the statutes of set-off. [Caines v. Brisban, 13 Johns. Rep. 9.] This being the law, it is clear, that the court should have permitted the defendants to show that they shipped the cotton on account of Messrs. Labuzan & Pollard, under such circumstances as might well induce them to believe that it was their property. The sufficiency of this evidence was a question of fact to be con-

sidered by the jury, under the direction of the court; but, being admissible, its rejection is an error, for which the judgment is reversed, and the cause remanded.