8 So.2d 846

### CANADA v. CANADA.

### 7 Div. 711.

Supreme Court of Alabama.

June 18, 1942.

110

Chas. F. Douglass, of Anniston, for appellant.

Merrill & Merrill, of Anniston, for appellee.

THOMAS, Justice.

The administration of the estate of Chester A. Canada was removed from the probate court to the circuit court in equity at the instance of the administratrix. There was a petition for accounting by Carl A. Canada, a minor acting through his next friend, G. W. Hewett. The probate judge ordered a report filed as prayed for in the petition.

The petition of the administratrix was that exemptions and homestead be set apart in said described real estate; that dower be assigned to the widow and further that: "* * * Your Honor will make and enter a decree holding and decreeing that this petitioner be subrogated in equity to the extent of her personal and separate payments on the funeral expenses and expenses of last sickness of said decedent. Petitioner further prays that upon said hearing and after due and legal notice has been given to the heirs of said decedent, an order will be made directing the sale of such property by your petitioner as may be found to belong to the estate of said decedent and which is not a part of his homestead for the payment of the fees and charges of administration and the equitable claim of your petitioner arising through the subrogation as set out above, or either of them, at such time and place and on such terms as the court may direct."

These pleadings were followed by a report of the administratrix; the report of the appraisers of the homestead; inventory or appraisement of the personal property belonging to said estate; order appointing the guardian ad litem for said Carl A. Canada; the acceptance of appointment; and the exceptions and objections to the appointment and action of commissioners appointed by the probate court.

The guardian ad litem demurred to the petition of Lillie Canada (the administratrix) for subrogation to her for payments she alleged to have made in the discharge of debts against the estate of Chester A. Canada and also to her averment that the personal property or estate was insufficient to pay the indebtedness of said estate and the expenses of the administration.

The guardian ad litem and attorney for Carl A. Canada made his demurrer and answer a cross bill, setting up alleged facts as to the title to the respective pieces of property owned by decedent and alleged facts to show that the widow was not entitled to dower and declared the respective rights and interests in the property sought to be sold for the payment of debts of the decedent, and admitted that certain of the lands could not be equitably divided and that a sale thereof was necessary for a division.

The parties respectively entered into an agreement to the effect that Carl A. Canada became twenty-one years of age on Novem-

ber 12, 1940 (after the initial pleadings were filed), that appellee Lillie Canada took out letters of administration of the estate of Chester A. Canada without consulting or making the fact known to Carl A. Canada, and further:

"That, before she took out letters of administration, Mrs. Lillie Canada collected $388.52 as beneficiary in the disability policy carried by Chester A. Canada on his life, and, before taking out letters of administration, paid items, towit:

"Burial charge for looking after the interment of body of Chester Canada, $275.00

"Two doctor bills, aggregating $45.00

"And that neither of these claims were ever filed in the office of Probate Court as claims against the estate of Chester A. Canada.

"That Mr. and Mrs. J. D. Thomason, who were, for several years occupying the Chester A. Canada farm, moved off of the farm and to Anniston, Alabama, in December, 1940; that subsequent thereto Mrs. Lillie Canada, without consulting Carl A. Canada, rented the farm for the year 1941 for $40.00, the rent to be paid in the fall of 1941.

"That Mrs. Lillie Canada took the management of the Chester A. Canada estate in hand; setting about to handle the property and make collections of debts due the late Chester A. Canada; * * *."

.The note of testimony indicates that portions of the testimony were heard orally by the court rendering the decree here challenged.

There was a decree of sale by the administratrix and it is recited that Lot No. 4 on 9th Street was occupied by the deceased and his family as a homestead at the time of his death, that it is of less value than $2,000 and consists of less than 160 acres in area, that Lillie Canada owns an undivided one-half interest in said property and Carl A. Canada and Aubrey Canada jointly own an undivided one-half interest in said property, which was set apart as said homestead.

It is further declared that Lillie Canada, the widow, had a personal estate at the time of her husband's death in excess of her dower interest in said land when computed as provided by the laws of this state having effect at the time of the husband's death; that her prayer for dower was denied and the judgment and order of decree entered that said widow "has no dower interest in the lands of said decedent." It was further decreed that:

"* * * said Lillie Canada has a just and lawful claim against the estate of said Chester A. Canada, deceased in the amount of $275.00 arising out of the payment by her from her individual funds of the funeral expenses in said amount incident to the burial of the decedent, it is therefore ordered, adjudged and decreed by the court that the claim of Lillie Canada against the estate of Chester A. Canada, deceased, be and the same is hereby allowed for the said sum of $275.00. It is further ordered, adjudged and decreed that her claim for doctors' bills incident to the last illness of said Chester A. Canada, deceased in the amount of $45.00 be and the same is hereby denied.

"And it further appearing to the satisfaction of the court that Lillie Canada, as administratrix and as the widow of Chester A. Canada, deceased, received after the death of the decedent the sum of $431.00 belonging to his said estate and that one-third of this amount was for the use and benefit of Carl A. Canada and he has not received same, it is therefore ordered, adjudged and decreed by the court that said Carl A. Canada have and receive of said Lillie Canada the sum of $143.66."

It was further decreed that decedent at the time of his death was seized and possessed of a further tract of land which is specifically described; that there are fees and charges of administration against the estate in addition to the claims of Lillie Canada for funeral expenses paid by her; that there was no personal property belonging to the estate out of which such fees and charges of administration "can be paid" and it was ordered that said administratrix was directed to sell said 80 acres of land at public outcry for cash after due notice, that the sale was subject to the confirmation of the court and the disbursements of the proceeds thereof likewise subject to the direction and approval of the court.

It was further found that the property indicated "cannot be equitably divided among the joint owners thereof" and that said Lillie Canada was authorized to sell said lands at public outcry for cash after due and legal notice.

It is established in this jurisdiction by statute and our decisions that are to be found in Code of 1940, T. 61, § 218, Code

1923, § 5822, that funeral expenses, fees and charges of administration, expenses of the last sickness, taxes assessed on the estate of decedent prior to his death, debts to be paid employees for services rendered the year of the death of deceased, and other debts of decedent are to be paid in the order indicated. Kennedy et al. v. Parks, 217 Ala. 323, 116 So. 161.

In Wommock v. Davis et al., 228 Ala. 362, 153 So. 611, it was held that the widow of decedent was authorized to make reasonable expenditures of decedent's money to defray burial expenses and expenses of the last illness. Gayle's Adm'r v. Johnston, 72 Ala. 254, 47 Am.Rep. 405.

█ It is further declared by this court that the claim for funeral expenses of decedent is not required to be presented under T. 61, § 214, Code 1940, Code 1923, § 5818, but that such claims fall within the claim indicated in Code 1940, T. 61, § 210, Code 1923, § 5814, wherein it is provided that the requirement for presentation shall not apply to claims of executors or administrators to compensation for their services as such, nor to sums properly disbursed by them in the course of the administration. This question was definitely declared by Mr. Justice Gardner, the now Chief Justice, in Foster v. Foster, 219 Ala. 70, 121 So. 80, and in Roche Undertaking Co. v. De Bardelaben, 7 Ala.App. 232, 60 So. 1000.

It is also declared by the statute that the six months during which an executor or administrator is exempt from suit after the grant of letters is not to be taken as any part of the time limited for the commencement of an action against him. Code 1940, T. 7, §§ 29 and 30.

█ It is further well established in this jurisdiction that taxes against decedent's estate prior to his death were debts against the decedent for the payment of which the estate of such decedent was subject to sale. Code 1940, T. 61, § 218, Code 1923, § 5822.

█ There are many authorities to the effect that in suits in equity the allowance of costs rests in the sound discretion of the court. 6 Alabama & Southern Digest, Costs, ☞13, p. 309.

When the several matters are taken up and the testimony is carefully considered, it is apparent that the truth was declared by Mrs. Canada, the widow and executrix, when she said she was compelled to "stand for it (the funeral expenses) before they put him away." Such claims are not required to be presented to the administrator when appointed.

Appellant refers to the case of Taylor v. Crook, 136 Ala. 354, 34 So. 905, 96 Am. St.Rep. 26, but this case is not applicable to the instant case since the claim sought to be collected was not incurred by the administrator or executor of said estate.

It will be noted that it appears from the evidence that appellee had a claim against the estate for taxes due by the estate and the decedent, which was paid by her. The decedent died in the month of June, 1933 (June 13, 1933), and he assessed all of the lands heretofore indicated, and the administratrix after October 1st of that year paid the taxes having accrued against all of the real estate.

█ A further insistence of appellant is that there was no necessity for having the homestead set apart to appellee in a judicial proceeding. This was appellee's right under the statute and in the same bill she prayed that the lands be sold for division and the court was acting within its discretion in taxing appellee and the estate of decedent with one-half of the costs. The fact that she was entitled to a homestead, entitled to all of the personal property as exempt from the payment of debts, was no reason why she should not have a judicial ascertainment of her rights in the premises as widow and distributee.

There was no just reason why the appellee should be required to pay all of the costs when the sale of the lands for the payment of debts and for division was for the benefit of the other parties, towit, the two children of intestate.

█ We have indicated that taxes, funeral expenses and expenses of the last illness were debts of the decedent and a lawful charge against all of the estate of decedent, notwithstanding the fact that they had been paid by the widow from her personal moneys. Turley v. Hazelwood, 234 Ala. 186, 174 So. 616; Kennedy v. Parks, 217 Ala. 323, 116 So. 161; Garrett v. Snowden, 226 Ala. 30, 145 So. 493, 87 A.L.R. 216; 121 A.L.R. 1104, Note.

It results from the foregoing that there was no error in the ruling of the circuit court. The decree of the circuit court is affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.