191 So.2d 262

**Irene MOUNT**

v.

**BAPTIST HOSPITAL OF GADSDEN, INC.**

**7 Div. 826.**

Court of Appeals of Alabama.

Oct. 18, 1966.

· 424

------◇------

Robt. E. Lewis, Gadsden, for appellant.

Buford L. Copeland, Gadsden, for appellee.

CATES, Judge.

This appeal was submitted February 17, 1966, on written argument.

Mrs. Mount appeals from a judgment for defendant-appellee. She had sued the hos-

pital for $44.25 on account or alternatively for money received by it to her use.

Being for less than $50.00, the originating complaint was filed in the County Court of Etowah County. The hospital appealed from a judgment there for the suit amount. Thus came trial de novo in the circuit court.

I.

The cause was submitted without the intervention of a jury to Hon. A. B. Cunningham on the following agreed statement of facts:

"Mrs. Irene Mount, wife of Guy Mount, entered the Baptist Memorial Hospital for minor surgery on December 8, 1962. Upon arrival at the hospital she went to a patient room while Mr. Mount went to the office to complete the necessary arrangements for her admittance as a patient.

"Mrs. Mount gave to her husband $100.00 to use in arranging her admission to the hospital. At the time of her admission Mr. Mount delivered to the hospital office attendant the said $100.00 as a deposit for the admission of Mrs. Mount to the hospital. Said amount was accredited properly as an advance admission charge for the hospitalization of Mrs. Irene Mount.

"At the time Mr. Mount delivered the aforesaid $100.00 to the hospital, which was accredited to Mrs. Irene Mount, Mr. Guy Mount was indebted to the hospital on a previous obligation.

"The hospital charges for the confinement of Mrs. Irene Mount were $55.75. The hospital applied this amount to the confinement of Mrs. Irene Mount, and applied the remaining amount of the aforesaid $100.00 deposit in the amount of $44.25 in reduction of the aforesaid obligation of Guy Mount, which was in existence at the time he made the $100.00

deposit on behalf of Mrs. Irene Mount. "The money claimed in this lawsuit for Mrs. Irene Mount is the $44.25, which was credited to the obligation of Guy Mount, husband of Mrs. Irene Mount. "A letter from Baptist Memorial Hospital to Mr. Guy Mount, Re: Mrs. Irene Mount's hospital account, with statement of account attached, is hereby attached and made a part hereof.

"Oct. 2, 1964

Buford Copeland
Atty for Deft
Bap. Hosp.

Robert E. Lewis
Attorney for
Irene Mount

---

"BAPTIST MEMORIAL HOSPITAL
1136 Sixth Avenue
Gadsden, Alabama

December 14, 1961

"J. Cecil Hamiter          Phone
Administrator          Liberty 6–5211
"Mr. Guy Mount
5 North 28th Street
ACS/Gadsden, Alabama

RE: Mrs. Irene Mount
Code # 5, 6745

"Dear Mr. Mount:

"We are writing this letter in regard to the refund balance on your account for Mrs. Irene Mount dated 12/8/61 to 12/9/61. In checking our records we find that you still have an outstanding

balance on an account for your mother who was a patient in the hospital 4/19/58 to 5/4/58. When she was discharged from the hospital you signed a note assuming responsibility for the account. To this date payment has not been received on this account.

"We are enclosing a copy of your wife's hospital account showing the amount that was applied to the past-due account.

"Thanking you in advance for your co-operation.

Sincerely yours,

BAPTIST MEMORIAL
HOSPITAL

L. C. Jolley
L. C. Jolley
Office Manager

"LCJ/bjb"

[There follows a ledger sheet type of statement showing Mrs. Mount as the patient, employed as a housewife then Mr. Mount as "employee or subscriber" noted as "Husband Unemployed" followed by Dec. 8, 1961, as Mrs. Mount's date of admission with her hospital discharge given as the next day. Thereafter appear the items which amount to $55.75 with a final credit on the ledger to this account of $44.25.]

II.

Appellant relies on the Married Woman's Property Act. Code 1940, T. 34, § 65.[1]

■ One seldom sets up another as his agent sub silentio. Indeed, Code 1940, T.

---

1. "§ 65. All property of the wife, held by her previous to the marriage, or to which she may become entitled after the marriage, in any manner, is the separate property of the wife, and is not subject to the liabilities of the husband."

2. Of this section Judge Mayfield, the Commissioner for the 1923 Code, and probable author of Ch. 332 from which § 74 (then 9540) derives, used this headnote: "This chapter is but a partial codification of the case law of this state on this subject."

9, § 74, allows a third party to treat an undisclosed agent as a principal. This section[2] reads:

"§ 74. One who deals with an agent without knowing or having reason to believe that the agent acts as such in the transaction, may set off against any claim of the principal arising out of the same, all claims which he might have set off against the agent before notice of the agency."

3 Am.Jur.2d, Agency, § 325, states in part:

" * * * where a third person contracts with an undisclosed agent who has not given notice to such third person of his agency, he may set off a debt or claim due to him from such agent personally in an action on the contract by the principal."—citing Gardner v. Allen's Ex'r, 6 Ala. 187.

Relationship creates no presumption that the husband is his wife's agent. Turner v. Rhodes, 22 Ala.App. 426, 116 So. 412.

Moreover, the husband, prima facie, owes the duty of furnishing his wife with necessaries, including medical and hospital treatment for her cure and comfort comporting with his station in life. Cothran v. Lee, 24 Ala. 380.

The conjunction of these two concepts coupled with the failure of either husband or wife to notify the hospital that the money was furnished by Mrs. Mount are sufficient to justify the judgment below. Gardner v. Allen's Ex'r, supra.

Recovery by Mrs. Mount because of T. 34, § 65, would make a sword of a shield.

The judgment below is due to be

Affirmed.