**272 So.2d 904**

Susie GREEN

v.

FIRST NATIONAL BANK OF TUSKA-LOOSA, d/b/a First Charge Service.

6 Div. 93.

Court of Civil Appeals of Alabama.

Sept. 7, 1972.

BRADLEY, Judge.

The original decision made by this court in this case, 49 Ala.App. 426, 272 So.2d 895

to reverse the trial court for its failure to give the general affirmative charge was itself reversed by the Supreme Court, 290 Ala. 14, 272 So.2d 901 on writ of certiorari on the basis that there was at least a scintilla of evidence before the jury in favor of appellee. The case was remanded back to this court.

On remand appellant resubmits her original assignments of error two and twelve which were not considered in our original opinion.

Assignment of error two proposes that the trial court erred in commenting on the effect of the evidence by stating in its oral charge:

"Now as I say, gentlemen, you've heard the evidence here, its for you to say whether or not this was a . . . Under the evidence that has been presented here that this was a joint account . . . Under this joint account whether or not defendant became liable to pay the amount of the account which claimed existed between the parties."

Appellant claims that from this portion of the oral charge, the jury had every reason to believe that the factual question of whether or not the charge account was joint had been decided by the court in that the court had characterized the account as "joint." We do not agree with this contention for two reasons.

Our first basis for disagreement is that the last portion of the above quote clearly characterizes the account as one which is only claimed to exist between the parties, not as one which actually exists.

Our second basis for disagreement with appellant's contention is that, immediately after appellant's objection to this portion of the oral charge, the court reiterated its intention and further explained its charge by saying:

"I would like to say to you gentlemen, I have not undertaken to say what the true facts are. I have merely stated to you what the claims of the parties are, what the Plaintiff claims and what the Defendant claims, but it is up to you to say what the facts actually are because that is the sole province of the jury."

The trial judge therefore clearly explains to the jury that he is not commenting nor making any attempt to comment on the evidence.

Assignment of error twelve is directed to another portion of the oral charge in which the trial judge stated:

"You have heard the contentions of the parties here; that is, it is claimed by the bank that *they* had set up this joint account between the husband and the wife and it is the contention either one or both were liable to it under this account." (Emphasis added.)

Appellant claims that the use of the above italicized "they" is ambiguous in that the jury could have understood that the husband and wife rather than the bank had set up the account.

We consider this contention to be without merit also for the reason that the use of the pronoun "they" was intended, as a close examination of the context in which it was used will reveal, to refer to the noun "bank." We think this usage by the trial court of the words mentioned was intended to convey such meaning, and, we also believe that the use of the words in this fashion is in keeping with the rule of English grammar applied in such cases.

In accordance with the ruling of the Supreme Court in this case and our further consideration of assignments of error two and twelve, the decision of the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.