INGRAM, Judge.
This appeal arises from a suit filed by Dr. Carozan Castillo against patient Jolene Anderson’s former husband, Dr. James Anderson, for payment of her medical bills.
Dr. James Anderson and Jolene Anderson were divorced in May 1981. The decree of divorce ordered the husband to keep in full force and effect the existing hospital insurance policy with Metropolitan Insurance Company for as long as the wife should live or until her remarriage. In 1984, the wife underwent surgery and was treated by Dr. Carozan Castillo for administration of anesthesia during the operation. A bill was presented for payment for this service to Mrs. Anderson. However, attempts to recover from Metropolitan Insurance Company were denied due to some problem with the insurance policy. Mrs. Anderson filed for contempt in the Colbert County Circuit Court against her former husband, Dr. Anderson, pursuant to the following provision in the decree of divorce:
“It is further ORDERED by the Court that the husband shall continue to keep in full force and effect the hospitalization insurance policy which is presently in effect for the Wife with Metropolitan Insurance Company. The Husband shall continue to pay the premiums for said Insurance Policy for as long as the Wife shall live or until her remarriage.”
Subsequently, the coverage problems were corrected between the husband, Dr. Anderson, and the insurer (Metropolitan), and the policy was reinstated. Additionally, Metropolitan agreed to pay all sums under the policy for the period of time during which the policy had supposedly “lapsed.”
The debt owed to Dr. Castillo remained unpaid, which resulted in a small claims action being filed in Franklin County against Dr. Anderson by Dr. Castillo. Judgment was granted by default against Dr. Anderson on February 14, 1986, in the amount of $270.00 plus court costs. Dr. Anderson filed a motion to set aside the judgment on February 21, 1986. The motion was denied. Appeal was taken to the Franklin County Circuit Court, and a trial was had on April 25, 1986. A decree was entered by the court, finding in favor of Dr. Castillo and awarding $320.00. Motion for new trial was overruled on August 8, 1986. Dr. Anderson appeals to this court.
The dispositive issue on appeal is whether Dr. Castillo has any right to sue Dr. Anderson for sums owed to him by Mrs. Anderson.
Dr. Anderson contends that he should not be obligated to pay the debt of his former wife. He argues that agreements to pay the debt of another are void except in writing and that, though a husband is responsible for necessities furnished to his wife, he is no longer married to Mrs. Anderson. We find merit in the appellant’s contentions. As Dr. Anderson and his former wife were no longer married when medical expenses were incurred, Anderson is not liable under the common law rule that medical services are necessities for which a husband is liable. Mount v. Baptist Hospital of Gadsden, Inc., 43 Ala.App. 423, 191 So.2d 262 (1966). The husband’s obligation was terminated by the divorce decree. Furthermore, there was no written agreement or contract to the effect that James Anderson would be liable for Jolene Anderson’s debts. Under Code 1975, § 8-9-2(3), Dr. Anderson would have no liability to pay Dr. Castillo for the treatment of Anderson’s ex-wife .unless there was an agreement in writing. Gregory v. Hardy, 53 Ala.App. 705, 304 So.2d 209 (1974). Neither does Dr. Castillo have standing to sue Dr. Anderson directly pursuant to the Andersons’ divorce decree since Dr. Castillo was not a party to that action. See Rule 71, A.R.Civ.P.
In view of the above, we have no alternative but to reverse the trial court’s action.
*1003 Reversed and remanded for entry of judgment not inconsistent with the above.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.