In this appeal, we consider the constitutionality of the common law doctrine of necessaries. The appellant, Betty Emanuel, contends that the doctrine constitutes unconstitutional gender-based discrimination and violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. While the appellees, Dr. James McGriff and Huntsville Hospital, acknowledge that the application of this doctrine only to men violates the constitution, they argue that this Court should make the doctrine constitutional by making it applicable to women as well. We decline to extend the doctrine.
Rosie Lee Wilson received medical services and treatment by Dr. James McGriff at Huntsville Hospital, operated by the Health Care Authority of the City of Huntsville; this treatment was from February 20 to March 11, 1985; March 25, 1985; March 27 to June 3, 1985; and July 1 to July 5, 1985. On March 14, 1985, Mrs. Wilson's husband, James Wilson, signed a promissory note, in *Page 579 
the amount of $11,306, with Huntsville Hospital securing payment on Mrs. Wilson's account for services rendered from February 20 to March 11, 1985.
On August 28, 1985, Mrs. Wilson died. Her estate was administered in Madison County, Alabama, and notice of the administration of her estate was published. Neither Huntsville Hospital nor Dr. McGriff filed claims against Mrs. Wilson's estate. After Mrs. Wilson's death, Mr. Wilson continued to make payments in amounts of $20 and $25 to Huntsville Hospital; these payments were made from November 25, 1985, to May 30, 1986.
On April 2, 1987, Mr. Wilson died. His will was offered for probate, and letters testamentary were granted on May 21, 1987, to the executrix of the estate, Betty L. Emanuel. Dr. McGriff and Huntsville Hospital filed claims against Mr. Wilson's estate for services rendered to Mrs. Wilson. The executrix contends that had claims been filed against Mrs. Wilson's estate, a petition to have her estate declared insolvent would have been filed. Huntsville Hospital's claim was in the amount of $15,439.11, and the claim submitted by Dr. McGriff was in the amount of $66.70. These claims were filed against Mr. Wilson's estate within six months after letters testamentary were granted. The trial court overruled the executrix's objection to these claims and rendered a judgment in favor of Huntsville Hospital and Dr. McGriff.
According to the doctrine of necessaries, a husband "owes the duty of furnishing his wife with necessaries, including medical and hospital treatment for her cure and comfort comporting with his station in life." Mount v. Baptist Hospital of Gadsden,Inc., 43 Ala. App. 423, 191 So.2d 262, 264 (1966).
The executrix contends that, because Huntsville Hospital and Dr. McGriff failed to file their claims against Mrs. Wilson's estate, the claims for services rendered to Mrs. Wilson are forever barred by the doctrine of laches and according to the non-claim statute, Alabama Code 1975, § 43-2-350. The executrix also contends that the doctrine of necessaries violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. Dr. McGriff and Huntsville Hospital contend that because of the common law doctrine of necessaries, the trial court properly held that the provision of services to Mrs. Wilson created a debt upon Mr. Wilson.
The Alabama legislature enacted Alabama Code 1975, § 30-4-7, which appeared to solve the constitutional problem posed by the doctrine of necessaries. Section § 30-4-7 reads as follows:
 "The husband is not liable for the debts or engagements of the wife, contracted or entered into after marriage, or for her torts in the commission of which he does not participate, but the wife is liable for such debts or engagements, or for her torts, and is suable therefor as if she were sole."
This statute provides that each spouse is independent of the other with regard to debts and contracts; however, this purpose was frustrated by the holding in Green v. First National Bankof Tuskaloosa, 49 Ala. App. 426, 272 So.2d 895 (1971), rev'd onother grounds, 290 Ala. 14, 272 So.2d 901 (1972), aff'd on remand, 49 Ala. App. 749, 272 So.2d 904 (1973). In that case the Court of Civil Appeals held that the common law doctrine of necessaries applies to a husband, and that court stated that "it is the law in Alabama that a husband is under a common-law liability for necessary comforts and supplies furnished the wife, notwithstanding that the wife may, by statute, enter into contracts and be sued thereon." 49 Ala. App. at 430,272 So.2d at 899.
The doctrine of necessaries, which does not impose a similar obligation on the wife, contains a gender-based classification. The United States Supreme Court has held that for a sex-based classification to be constitutional, it must serve an important governmental objective and be substantially related to the achievement of that objective. Orr v. Orr, 440 U.S. 268,99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). A gender-based classification can not be justified on the basis of "archaic and overbroad" generalizations. Califano v. Goldfarb,430 U.S. 199, 207, *Page 580 97 S.Ct. 1021, 1027, 51 L.Ed.2d 270 (1977). "[P]roviding dissimilar treatment for men and women who are . . . similarly situated . . . violates the Equal Protection Clause." Reed v.Reed, 404 U.S. 71, 77, 92 S.Ct. 251, 254, 30 L.Ed.2d 225
(1971).
The doctrine of necessaries creates a gender-based classification that is not substantially related to serving important governmental interests. Schilling v. Bedford CountyMemorial Hospital, Inc., 225 Va. 539, 303 S.E.2d 905, 908
(1983). The doctrine denies husbands equal protection of the law, and therefore is unconstitutional. Thus, this doctrine must be held void under this constitutional challenge, and Dr. McGriff and Huntsville Hospital may not rely on this discriminatory doctrine to collect their claims against Mr. Wilson's estate.
Dr. McGriff and Huntsville Hospital acknowledge that this gender-based doctrine violates the equal protection provisions of the Constitution, but urge this Court to expand the doctrine of necessaries, so as to make both spouses liable for necessaries rendered to the members of the marital partnership. This is a question that must be deferred to the legislature; the legislature can decide for the future whether the doctrine of necessaries shall be applied to both spouses or to neither spouse; however, in the present case, the doctrine applies to neither spouse.
For the foregoing reasons, the judgment of the trial court is reversed and a judgment is rendered for Emanuel.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ALMON, KENNEDY and INGRAM, JJ., concur.
ADAMS, HOUSTON and STEAGALL, JJ., concur specially.
MADDOX, J., dissents.