THIGPEN, Judge.
This case involves the application of our Supreme Court’s decision in Emanuel v. McGriff, 596 So.2d 578 (Ala.1992), which held the common law doctrine of necessaries to be unconstitutional.
In August 1989, the Aesthetic and Plastic Surgery Clinic sued Emmett E. Tucker, Jr., and his wife, Donna K. Tucker, for medical expenses incurred in 1988 in treating Mrs. Tucker. In January 1990, the Aesthetic and Plastic Surgery Clinic filed an amended complaint to reflect its name change to Bunting Plastic Surgery Clinic, P.C. (Bunting).
Bunting then filed a motion for summary judgment, which was granted in favor of Bunting and against Mrs. Tucker, but which was continued concerning Mr. Tucker. Thereafter, Mrs. Tucker filed a suggestion of bankruptcy with the trial court, stating that she had filed a Chapter 7 bankruptcy petition and had listed Bunting as a creditor.
Bunting filed another motion for summary judgment, stating that Mr. Tucker had been designated as the party responsible for Mrs. Tucker’s medical expenses, and claiming that, as Mrs. Tucker’s husband, Mr. Tucker was responsible for furnishing her with necessaries such as medical and hospital treatment. This responsibility of a husband had long been known as the common law doctrine of necessaries. Emanuel, supra. The Tuckers responded by saying that the medical services rendered to Mrs. Tucker were cosmetic and unnecessary, and that Mr. Tucker had not agreed orally or in writing that he would be responsible for payment of such services. The trial court denied Bunting’s motion.
In April 1992, Mr. Tucker filed a motion for summary judgment and an affidavit, stating that he had not agreed to pay the medical expenses for Mrs. Tucker and arguing that Bunting’s claim was based only on the doctrine of necessaries. Also, Mr. Tucker submitted a copy of Emanuel, supra, which was decided in early 1992.
Bunting responded with the argument that, at the time medical services were rendered to Mrs. Tucker, the doctrine of necessaries was well-settled at common law in *1074 Alabama. Accordingly, Bunting argued that the Supreme Court’s decision in Emanuel, supra, should not be applied retroactively to defeat payment by Mr. Tucker for the medical services which Bunting had rendered to Mrs. Tucker. The trial court granted Mr. Tucker’s motion for summary judgment; hence, this appeal.
The only issue presented by Bunting for review is whether the trial court erred in granting Mr. Tucker’s motion for summary judgment and, according to Bunting, in applying Emanuel retroactively. Summary judgment is proper if it is shown “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), A.R.Civ.P. Also, “[pjroof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court, including ... motions for summary judgment.” Ala.Code 1975, § 12-21-12(a).
Since this case involves a summary judgment, the trial court’s judgment carries no presumption of correctness and our review is de novo. Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992). We note that, on appeal, neither party argues the existence or nonexistence of material facts; rather, we are called upon to consider our Supreme Court’s decision in Emanuel, supra. Accordingly, the determinative question is whether Mr. Tucker is entitled to judgment as a matter of law.
Alabama previously recognized the common law doctrine of necessaries. Mount v. Baptist Hospital of Gadsden, Inc., 43 Ala.App. 423, 191 So.2d 262 (1966). In Emanuel, supra, however, our Supreme Court held that such doctrine was unconstitutional because it “denies husbands equal protection of the law.” Emanuel at 580.
On appeal, Bunting does not argue that the doctrine of necessaries is not a violation of the equal protection clause of the 14th Amendment. Instead, Bunting argues that Emanuel should only be applied prospectively because, Bunting says, it relied on the doctrine of necessaries in conducting its business with the Tuckers. According to Bunting, the retroactive application of Emanuel to the attempted collection of medical expenses incurred in 1988 would result in inequity.
In Emanuel, supra, the wife received medical services in 1985 and during the rendering of these services the husband signed a promissory note with the hospital, agreeing to pay for the wife’s medical services. Later that same year, the wife died, and in 1987, the husband died. The physician and the hospital filed claims against the husband’s estate, seeking the unpaid medical expenses. These claims were based on the doctrine of necessaries, however, and not on the promissory note. The trial court entered judgment in favor of the physician and the hospital, but our Supreme Court reversed and rendered judgment in favor of the husband’s estate, due to the unconstitutionality of the doctrine.

Emanuel, supra.

Although Bunting argues for a prospective application of Emanuel, we note that the same type of situation existed in Emanuel, supra, as exists here. At the time the medical services were rendered in Emanuel, supra, the doctrine of necessaries was valid common law in Alabama. Our Supreme Court, however, invalidated the doctrine of necessaries and applied its judgment to the parties and situation involved in Emanuel, supra, not just to situations arising prospectively.
Since we are bound to follow the latest decisions of our Supreme Court regarding a particular issue, State v. Bilotta, 522 So.2d 300 (Ala.Civ.App.1988), we hold that Emanuel was applied properly by the trial court to the facts of this case and that Mr. Tucker is entitled to a judgment as a matter of law.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.