624 So.2d 1075 (1993)
Ex parte BUNTING PLASTIC SURGERY CLINIC, P.C., f/d/b/a Aesthetic and Plastic Surgery Clinic.
(In re BUNTING PLASTIC SURGERY CLINIC, P.C., f/d/b/a Aesthetic and Plastic Surgery Clinic v. Emmett E. TUCKER, Jr.)
1920521.
Supreme Court of Alabama.
August 20, 1993.
Paul J. Spina III of Duell & Riddle, P.C., Birmingham, for petitioner.
Danny C. Lockhart, Birmingham, for respondent.
STEAGALL, Justice.
Bunting Plastic Surgery Clinic, P.C., formerly doing business as Aesthetic and Plastic Surgery Clinic ("Bunting Surgery"), sued Emmett E. Tucker, Jr., and his former wife, Donna K. Tucker, to collect for medical services rendered to Donna in 1988 while she was married to Emmett. The action was based on a contract executed by Donna wherein she promised to pay for the services. Emmett did not sign this contract; Bunting Surgery sued him under the common law doctrine of necessaries, which required that a husband furnish his wife with "medical and hospital treatment for her cure and comfort comporting with his station in life." Mount v. Baptist Hospital of Gadsden, Inc., 43 Ala. App. 423, 426, 191 So.2d 262, 264 (1966); see, also, Green v. First Nat'l Bank of Tuskaloosa, 49 Ala.App. 426, 272 So.2d 895 (1971), reversed on other grounds, 290 Ala. 14, 272 So.2d 901 (1972), affirmed on remand, 49 Ala.App. 749, 272 So.2d 904 (1973).
The trial court entered a summary judgment for Bunting Surgery and ordered Donna to pay damages of $9390.24; however, the trial court denied Bunting Surgery's motion for a summary judgment against Emmett. Donna thereafter filed for bankruptcy under Chapter 7 of the Bankruptcy Code and also filed a corresponding suggestion of bankruptcy in the circuit court. Bunting Surgery moved a second time for a summary judgment against Emmett, and the court again denied the motion. The case was scheduled for trial, then continued in anticipation of a settlement.
Shortly after the continuance was granted, this Court released Emanuel v. McGriff, 596 So.2d 578 (Ala.1992), wherein we held that the doctrine of necessaries violated a husband's right to equal protection under the law because it created "a gender-based classification that is not substantially related to serving important governmental interests." 596 So.2d at 579. The trial court thereafter entered a summary judgment for Emmett on the basis of Emanuel, and the Court of Civil Appeals affirmed that judgment. 624 So.2d 1073 (1992). This Court granted Bunting Surgery's certiorari petition to determine whether the Court of Civil Appeals properly affirmed the trial court's application of Emanuel.
*1076 Bunting Surgery argues that this Court never indicated whether Emanuel was to be applied retroactively and that the Court of Civil Appeals erred in applying it retroactively without setting out its public policy reasons for doing so. See Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).
In Emanuel, a physician and hospital sued the husband's estate under the doctrine of necessaries to recover for services rendered to his wife before his death. After holding that the doctrine was unconstitutional, this Court reversed the trial court's judgment and rendered a judgment for the husband's estate. We therefore applied the new rule of law against the plaintiffs in Emanuel, barring their recovery for services they had provided in reliance upon the doctrine of necessaries. The holding in Emanuel must be applied to any case pending when Emanuel was decided or filed thereafter and in which the issue of constitutionality was timely and properly raised. The Court of Civil Appeals properly applied Emanuel to this case, and its judgment is hereby affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
We can change the common law doctrine of necessaries or we can declare it unconstitutional as violating a husband's right to equal protection under the 14th Amendment of the United States Constitution. There is no equal protection provision in the Constitution of Alabama of 1901. The equal protection provision in the Constitution of Alabama of 1875 was purposefully deleted from the 1901 Constitution at the Constitutional Convention of 1901 (2 Official Proceedings of the Constitutional Convention of 1901, pp. 1622-34, 1639-44, and 2254-60), with the understanding that the only equal protection afforded to citizens of Alabama was the equal protection afforded by the 14th Amendment of the United States Constitution.