HOUSTON, Justice.
Dr. Charles T. Lenton, Jr., and Helen D. Lenton married late in life, both for the second time. They generally kept their finances separate. The wife developed cancer, and when her illness was not arrested by more conventional methods of treatment, the husband took her to Mexico for treatment that was not available within the United States and that was not covered by the wife’s medical insurance. Although the wife’s condition improved dramatically for a short time, she died before the Lentons could return to Mobile from Mexico.
John L. Lawler was appointed executor of the wife’s estate. The husband filed a claim against the wife’s estate for the wife’s funeral expenses and other expenses that'he had paid, including medical expenses for the wife’s last illness incurred within the United States and Mexico. The probate court reimbursed the husband for all expenses he had paid except for the medical expenses incurred in Mexico. Exercising “its equitable powers,”[1] the probate court ordered the estate to reimburse the husband for one-half of the costs of the trip to, and the treatment in, Mexico. The husband appeals.
The wife’s will provided: “I desire that all my just debts, assessments, funeral expenses, taxes and the expenses of my last illness be paid as soon after my death as may be convenient.” However, we need not decide whether these are mere precatory *795 words, for Ala.Code 1975, § 43-2-371, provides that expenses of the last sickness are to be paid as a preferred charge, third in order after funeral expenses and fees and charges of administration. No one contends that the assets of the wife’s estate are not sufficient to pay these preferred charges.
Before this Court issued its opinion in Emanuel v. McGriff, 596 So.2d 578 (Ala.1992), striking down the doctrine of necessaries as a gender-based classification that violated the Equal Protection Clause of the United States Constitution, a surviving husband who paid his wife’s funeral expenses and the expenses of her last illness was not entitled to be reimbursed from the wife’s estate, because the husband was considered to have paid his own debt. See Lott v. Graves, 67 Ala. 40, 43 (1880); Smyley v. Reese, 53 Ala. 89 (1875).[2] In contrast, a wife, who paid her husband’s funeral expenses and the expenses of his last sickness, was entitled to reimbursement from the deceased husband’s estate. Gilbreath v. Levi, 270 Ala. 413, 119 So.2d 210 (1959); Canada v. Canada, 243 Ala. 109, 8 So.2d 846 (1942). By implication, Emanuel v. McGriff, in striking down the doctrine of necessaries, overruled those portions of Lott v. Graves and Smyley v. Reese holding that a husband who had personally paid his wife’s funeral expenses and the expenses of her last illness could not be reimbursed from the wife’s estate for these expenses. Now, either spouse who pays with his or her own money the funeral expenses of the other spouse and the expenses of that spouse’s last sickness is entitled to reimbursement from the deceased spouse’s estate, in accordance with Gilbreath v. Levi, Canada v. Canada, and Ala.Code 1975, Title 43, Chapter 2, Article 15.
This case deals only with a specific category of expenses — the expenses of a spouse’s last sickness.
The “order, judgment and decree” of the probate court provides, in pertinent part, as follows:
“Approximately five weeks before the end of her life, Dr. and Mrs. Lenton went to Mexico to pursue medical treatment for her colon cancer. The following expenses were incurred and have been paid by Dr. Lenton: [At this point, a list of expenses totalling $40,983.00 is set out.] The Court finds that the above-listed treatment and expenses in connection with the Mexican treatment were reasonably incurred and medical[ly] necessary; however, the Court exercises its equitable powers and orders that Dr. Lenton is to be reimbursed by the estate for one-half of those expenses ($20,-491.50) and shall bear the other half of those expenses himself.”
Having found that a preferred debt against an estate (see Ala.Code 1975, § 43-2-371(3) — “Expenses of the last sickness”) was “reasonably incurred and medical[ly] necessary,” the probate court had no discretion to disallow the full payment of this debt from the assets of the estate, given that the assets of the estate exceed the amount of the preferred debts against the estate. See Ala. Code 1975, § 43-2-371.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.

. Acts of Alabama 1991, Act No. 91-131, gives the judge of the Probate Court of Mobile County "the same powers and authority which Judges of the Circuit Courts of this State have in connection with the administration of such estates in the Circuit Courts” (§ 2). That act also provides: "[A]U laws of pleading and practice, and evidence, and rules of court, ... and all laws relating to the mode of obtaining evidence by oral examination ... now applicable in the Circuit Courts shall apply to the administration of such estates in [the Probate Court of Mobile County]” (§ 3). It further provides: "[Ajppeals from the orders, judgments and decrees of [the Probate Court of Mobile County], relating to the administration of such estates ... lie to the Supreme Court ...” (§ 5).

. A husband prima facie owed the duty of furnishing his wife medical and hospital treatment for her cure or comfort. Mount v. Baptist Hospital of Gadsden, Inc., 43 Ala.App. 423, 191 So.2d 262 (1966). Therefore, in accordance with the rationale of Lott v. Graves and Smyley v. Reese, before this Court decided Emanuel v. McGriff, a husband would not have been entitled to reimbursement from his wife’s estate for his wife's medical and hospital bills that he had paid.