YATES, Judge.
In November 1991, Douglas L. Edwards sued William Charles Moore, M.D., asserting, among other things, a claim pursuant to § 6-5-351, Ala.Code 1975 (the Alabama seduction statute). Moore answered, contending that § 6-5-351 was unconstitutional. The trial court entered an order in favor of Moore, holding the statute ■ unconstitutional. Edwards appealed. This case was -transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The sole issue presented on appeal concerns the constitutionality of § 6-5-351, which provides:
“The father or, in case of his death or .desertion of his family, or of his imprisonment for a term of two years or more under a conviction for crime, or of his confinement in an insane hospital, or of his having been declared of unsound mind, the mother, may commence an action for the seduction qf a daughter under the age of 19 years though she be not living with or in the service of the plaintiff at the time of the seduction or afterwards and there is no loss of service; provided, that an action by the daughter is a bar to an action by the father or mother.”
Moore argues that § 6-5-351 violates the Equal Protection Clause of the Fourteenth amendment to the United States Constitution and the equal protection provisions of the Alabama Constitution of 1901 in that it establishes impermissible gender classifications in at least three ways. First, he points out that under the statute only minor daughters, not sons, are protected from seduction; second, that under the statute mothers are permitted to bring a seduction action only if the father is unable or unwilling to bring such an action; and third, that under the statute only men are liable for seduction. Moore challenges primarily the third classification; that is, the classification by which only men are liable under § 6-5-351. Because we accept Moore’s challenge to the third classification, we do not address the constitutionality of the first two classifications.
“Seduction” is defined as the “[a]ct of [a] man enticing [a] woman to have unlawful intercourse with him by means of persuasion, solicitation, promises, bribes, or other means without employment of force.” Black’s Law Dictionary 1218 (5th ed. 1979). That entry in Black’s also states: “A male is guilty of seduction if he induces a female of previously chaste character to indulge in sexual intercourse with him.” “Seduction” has been defined in Alabama as “inducing a *222 chaste, unmarried woman, by means of temptation, deception, arts, flattery, or a promise of marriage, to engage in sexual intercourse.” Mitchell v. State, 42 Ala.App. 41, 47, 151 So.2d 752, 758 (1962), cert. denied, 275 Aa. 696, 151 So.2d 761 (1963). “Seduction,” by its very definition, applies only to male seducers. Therefore, § 6-5-351 creates a gender-based classification. See Franklin v. Hill, 264 Ga. 302, 444 S.E.2d 778 (1994), where the Georgia Supreme Court found a similar statute to be unconstitutional.
To withstand a constitutional challenge, a gender-based classification “must serve an important governmental objective and [must] be substantially related to the achievement of that objective.” Emanuel v. McGriff, 596 So.2d 578, 579 (Ala.1992). Applying this standard, the United States Supreme Court and our supreme court have held unconstitutional several Alabama statutes that created gender-based classifications. In Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), the United States Supreme Court held unconstitutional an Aabama statute to the extent it authorized the imposition of alimony obligations on husbands but not on wives. In Parker v. Hall, 362 So.2d 875 (Aa.1978), our supreme court struck down § 43-1-8, Aa.Code 1975, which provided that marriage revoked a woman’s will, while marriage did not revoke a man’s will. The court explained that any statute that “merely preserves ‘old notions’ of the law which are no longer supported by reason” cannot be upheld. Id., at 877. In Emanuel, supra, our supreme court struck down the common law doctrine of necessaries. According to that doctrine, the husband owed a duty of furnishing his wife with necessaries, including medical and hospital treatment for her cure and comfort comporting with his station in life. That doctrine did not impose a corresponding obligation on the wife. The court held that the doctrine created a gender-based classification that was not substantially related to the achievement of an important governmental interest and thus was unconstitutional as denying husbands equal protection of the law.
At common law there was a presumption that a child was “in the service of the parent while in the family.” Armstrong v. McDonald, 39 Ala.App. 485, 487, 103 So.2d 818, 820 (1958). A civil cause of action for seduction was recognized in favor of the father. The cause of action, however, was based not upon family dishonor but “stemmed from the quasi-fictitious master-servant standing.” Id.
The seduction statute was passed in 1852. Code of 1852, § 2134,
“modified the common law so that the father, and in certain events, the mother, may sue for the seduction of a daughter, although there be no loss of services.... [T]he cause of action for seduction is for redress of wrongful conduct inducing a loss of chastity by the female, as such, with the consequent degradation, mortification and wounded feelings visited upon her, as well as her parents.”
Young v. Young, 236 Aa. 627, 632, 184 So. 187, 192 (1938). The statute serves to vindicate the outrage felt by the father or mother whose daughter’s virtue has been ruined.
Even assuming that the seduction statute was designed to redress “wrongful conduct inducing [the] loss of chastity by the female,” including the “consequent degradation, mortification and wounded feelings visited upon her, as well as her parents,” Young, supra, the statute is not substantially related to that governmental interest. The gender-based limitations of the statute ignore the same “degradation, mortification and wounded feelings” visited upon a daughter seduced by a woman — the emotional and physical consequences of such a seduction should arguably also be guarded against. Section 6-5-351 does not afford such protection and thereby discriminates, allowing only the prosecution of men.
Based on the language, history, and judicial interpretation of the seduction statute’s gender-based classification, we conclude that this classification does not bear a substantial relationship to any important governmental objective.
We hold that the statute, which because of the definition of “seduction,” applies only to *223 men, denies equal protection and is therefore unconstitutional. We decline to amend it .to extend liability to women. Emanuel, supra. The judgment is affirmed.
AFFIRMED.
CRAWLEY, J., concurs.
ROBERTSON, P.J., and MONROE, J., concur specially.
THOMPSON, J., dissents.