MONROE, Judge.
On July 24, 1995, Cynthia Dale McCool was injured in a one-vehicle accident that *1202 occurred at the intersection of Davis Street and Thompson Road in the Town of Price-ville, in Morgan County. There was no stop sign or other warning device at this intersection. On December 18, 1996, McCool sued Morgan County and the Morgan County Commission, (collectively “Morgan County”), alleging that they had negligently or wantonly failed to maintain a stop sign or other traffic signal or warning device at the intersection. Morgan County moved for a summary judgment on the ground that it did not exercise authority or control over the intersection and that the intersection was under the control of the Town of Priceville. The trial court entered a summary judgment in favor of Morgan County. McCool appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975. '
In order to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Silk v. Merrill Lynch, Pierce, Fenner & Smith, 437 So.2d 112 (Ala.1983). A summary judgment carries no presumption of correctness, and our review of a summary judgment is de novo. Bunting Plastic Surgery Clinic, P.C. v. Tucker, 624 So.2d 1073 (Ala.Civ.App.1992), aff'd Ex parte Bunting Plastic Surgery Clinic, P.C., 624 So.2d 1075 (Ala.1993). Because neither party argues the existence of disputed material facts, we must determine whether the defendants are entitled to a judgment as a matter of law. Id.
The undisputed evidence before the trial court shows that on March 31, 1986, the Town of Priceville annexed certain property, including portions of Thompson Road and Davis Street, and the intersection of these roads where McCool’s accident occurred. In support of the motion for a summary judgment, Morgan County submitted the affidavit of its county engineer, Bobby Woodruff, and the affidavit of the mayor of Priceville, Melvin L. Duran, Jr. These affidavits showed' that the intersection had been annexed by Priceville on March 31, 1986; that Morgan County had ceased exercising authority and control over the annexed roadways, including the intersection at issue, on March 31, 1986; and that the Town of Priceville had exercised sole authority and control of the intersection since March 31, 1986. In fact, Mayor Duran’s affidavit specifically states that, since the time of annexation, “the Town of Price-ville has maintained traffic control or warning signs on those portions of Davis Street and Thompson Road at issue in this case.”
McCool does not dispute any of these facts. However, McCool contends that Morgan County had control of the intersection in question because Priceville had not enacted a resolution providing for the authority to control and maintain the intersection. McCool argues that such a resolution is required by § 11-49-80 and § 11-49-81, Ala.Code 1975. Section ll-49-80(a)[1] provides:
“Where the authority to control, manage, supervise, regulate, repair, maintain and improve a street or streets or part thereof lying within a municipal corporation is vested in the county commission of the county within which a municipal corporation is located, a municipal corporation may resume or take over the authority to control, manage, supervise, repair, maintain and improve such street or streets or part thereof designated in the resolution adopted by the governing body of a municipal corporation to resume or take over such authority.”
Section 11-49-81 further specifies:
“Such resolution shall designate the sum or sums ascertained to be the reasonable charge to be paid by such county for being-relieved of the burden of the control, management, supervision, repair, maintenance and improvement of such street or streets or part thereof designated in said resolution, and no such resolution shall become effective until and unless the county shall by appropriate action of its county commission pay or contract to pay such sum or sums as may be designated in such resolution.”
McCool argues that according to these statutes and the Alabama Supreme Court’s holding in Yates v. Town of Vincent, 611 *1203 So.2d 1040 (Ala.1992), Morgan County had authority and control over the intersection at issue because Priceville had not adopted a resolution in accordance with these statutes.
In Yates, the plaintiffs sued the Town of Vincent for failing to maintain traffic-control devices at an intersection of two Shelby County roads located within the limits of the town. The trial court entered a summary judgment in favor of the town on the ground that Shelby County was solely responsible for maintenance and control of the intersection. The undisputed facts in Yates showed that Shelby County uniformly maintained and controlled the intersection. The Court held that §§ 11^49-80 and -81 governed a municipality’s control over county roads within its city limits and that, because the town had not invoked the procedures set forth in these statutes, it was not responsible for the traffic-control devices at the intersection. In construing these statutes, the court surmised that there should be no jointly exercised traffic control between city and county governments.
The Yates decision is not dispositive in this case. In Yates, the county had exercised exclusive control of the intersection of two county roads, while in this case Priceville has exercised sole control of the intersection of the two annexed roads since 1986. To hold that Morgan County exercised control of the intersection, in spite of the undisputed evidence that Priceville actually maintained sole control of the intersection, would result in our establishing joint control of the intersection, a result that Yates prohibits. In addition, nothing in § 11 — 49—80(a) or § 11-49-81 prevents Priceville from exercising sole control of the intersection. Instead, these statutes merely establish procedures for a municipality to utilize before it repairs or improves a street “[wjhere the authority to control, manage, supervise, regulate, repair, maintain and improve a street or streets ... lying within a municipal corporation is vested in the county commission.” Thus, nothing in these statutes requires Morgan County to exercise control of the intersection, when Priceville has annexed it and taken sole responsibility for its maintenance and control. Because Morgan County and Priceville maintained and exercised control of the intersection consecutively, and not concurrently, this does not appear to be a situation involving the potential joint control of an intersection, which is the situation §§ ll-49-80(a) and -81 were designed to prevent.
The undisputed facts show that Priceville has had sole authority and control over the intersection at issue since 1986. We reject McCool’s argument that Morgan County had control as a matter of law. Therefore, the summary judgment was proper.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.